[Civ. No. 2002. Second Appellate District.—September 21, 1916.]

## A. F. MACK, Respondent, v. HENRY EUMMELEN, Defendant; CITIZENS' SAVINGS BANK, Appellant.

Action to Establish Trust — Pledgee of Stock — Intervention After Judgment—Knowledge of Action—Leave Properly Refused.—In an action to establish a trust in corporate stock, a bank to whom the stock had been pledged as security for a loan is prop-́ erly denied leave to intervene where such application is not made until after judgment, and it is shown that the president of the bank had knowledge of the pendency of the action long prior to the time of trial and had discussed the case with the defendant.

Id.—Intervention—When not Allowed.—Any person who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding at any time before trial, but the law does not contemplate that a person thus interested may willfully omit to intervene, and then compel a retrial of the case because it has gone against his interests.

APPEAL from a judgment of the Superior Court of San Diego County.  W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Andrews & Lee, and Albert J. Lee, for Appellant.

Doolittle & Morrison, for Respondent.

CONREY, P. J.—In this action it appears that the plaintiff and the defendant Eummelen purchased from one W. H. Bentley 840 shares of stock of a corporation known as the Bentley Ostrich Farm. Eummelen acted for himself and Mack in the negotiations and represented to Mack that the price was fifty thousand dollars, of which each of the two purchasers was to pay one-half.  Mack paid twenty-five thousand dollars; Eummelen paid only five thousand dollars, and each of them received from Bentley 420 shares.  The court found facts establishing fraud in the transaction, as charged by the plaintiff, and held the defendant as trustee for the plaintiff of 280 shares of the stock which had been transferred by Bentley to the defendant.  The defendant was ordered to indorse and transfer those 280 shares to the plaintiff, and it was further ordered that in default of his so doing before the fifteenth day of August, 1913, the judgment should operate as a transfer to plaintiff of all of the defendant's right, title, and interest therein.  The facts constituting the fraud were not discovered by the plaintiff until March, 1912.  The action was commenced on August 12, 1912, and the judgment was entered on August 4, 1913.

On August 14, 1913, the appellant, Citizens' Savings Bank, filed a petition asking the superior court to set aside and vacate the judgment and admit petitioner as a defendant, with leave to answer, and in that application and accompanying affidavits it was set forth that on June 20, 1912, Eummelen pledged to the plaintiff, as security for a loan of twenty-four thousand dollars, the said 420 shares of stock of the Bentley Ostrich Farm standing in his name; that at the time of filing the petition the bank was still the pledgee of those shares of stock for that indebtedness; that the bank had no notice or knowledge of the pendency or termination of the action until August 11, 1913.  Counter-affidavits were filed showing that the president of the bank was acquainted with the fact

of the pendency of this action and understood the nature thereof long prior to the time when it came on for trial, and during that period of time discussed the case with the plaintiff; that in that conversation in November, 1912, Mr. Irwin, president of the bank, told the plaintiff that he had the entire matters of Eummelen in his hands and suggested that the case be settled out of court. It was further stated in plaintiff's affidavit that in January, 1913, he had another conversation with Mr. Irwin, in which that gentleman stated that he had discussed the case with defendant Eummelen and had advised the latter that he had nothing to fear therein. It is shown in the affidavit of Bentley that on April 21, 1913, which was the day before the trial of this action, Mr. Irwin stated to Bentley that plaintiff had no chance of winning this case. The motion or petition of the bank was presented upon these affidavits and by order of court was denied. From that order the Citizens' Savings Bank presents this appeal.

Counsel for appellant in their argument have urged sundry errors which they claim were committed by the court in the trial of the case and on account of which they think the judgment should be reversed. If the court was justified in overruling the motion to vacate and set aside the judgment for the reasons stated in the petition, it follows that appellant has no rights as a party to the action, and on this appeal it is not necessary to consider any alleged errors committed at the trial. The order denying the application is based upon implied findings in favor of the plaintiff with respect to the issues raised by the petition and covered by the affidavits. We must therefore assume that with full knowledge of the pendency of this action and of its purposes the bank silently stood by until the case had been tried and until judgment had been rendered against the defendant. This being so, the court was justified in denying the petition and in refusing to recognize petitioner's belated assertion of a right to intervene in the action. "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. . . ." (Code Civ. Proc., sec. 387.) The law does not contemplate that a person thus interested may willfully omit to intervene, and then compel a retrial of the case because it has gone against his interests.

(*Hibernia etc. Soc.* v. *Churchill,* 128 Cal. 633, [79 Am. St. Rep. 73, 61 Pac. 278].)

The order is affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 20, 1916.