[L. A. No. 16889. In Bank.—March 9, 1939.]

TERESA A. BRAUN, Respondent, v. BEN H. BROWN, Administrator, etc., et al., Defendants; RAYMOND G. ASSMAN, Appellant.

Canepa & Castruccio, C. M. Castruccio and Horace W. Danforth for Appellant.

J. Marion Wright and Owen E. Kupfer for Respondent.

CURTIS, J.—This is a controversy over $19,703.11 worth of personal property left by Julius H. Schmidt, who died intestate in Los Angeles on February 11, 1937. Three persons are interested: the public administrator, as administrator of the estate, to whom the property was delivered and who still

has it in his possession; Raymond G. Assman, resident of Oregon, a nephew of decedent who claims the property as decedent's sole heir; and Teresa A. Braun, who claims the property as a gift *causa mortis* from decedent.

Teresa A. Braun brought an action against the public administrator for claim and delivery, to quiet title, and for conversion. On April 21, 1938, she had judgment as prayed, decreeing her ownership of the property and ordering the public administrator to deliver it to her forthwith. The public administrator promptly moved for a new trial. Raymond G. Assman joined in the motion and at the same time petitioned for leave to intervene in the action. Plaintiff opposed the intervention and the court, after hearing the matter, denied a new trial, and also denied the petition for intervention. The unsuccessful intervener then appealed from the order denying his motion to intervene. The public administrator appealed from the judgment entered in favor of plaintiff, Teresa A. Braun, and the unsuccessful intervener joined with said public administrator in his appeal from said judgment. By stipulation the two appeals from the judgment were consolidated. There are, therefore, three appeals now pending; the appeal of the public administrator from the judgment in favor of plaintiff, the appeal of the proposed intervener ·from the order denying his motion to intervene upon the motion for a new trial, and the appeal of the unsuccessful intervener from the judgment in favor of the plaintiff and against the public administrator. Plaintiff now moves to dismiss the appeal of the proposed intervener from the order denying his motion to intervene or to affirm the judgment and order denying him leave to intervene, and to dismiss his appeal from the judgment in favor of plaintiff. Contemporaneously with said motion to dismiss, the plaintiff has moved this court to recall the writ of *supersedeas* heretofore issued by this court upon the petition of the said proposed intervener, the public administrator not having joined with the proposed intervener in his application for said writ.

We are of the opinion that both motions of the respondent, Teresa A. Braun, should be granted. The order of the trial court denying the proposed intervener's motion to intervene was proper by reason of the fact that the application to intervene came too late. The code section which authorizes intervention expressly provides that the motion

shall be made "before trial", and it has been definitely decided that a motion to intervene after judgment has been entered was made too late. (Sec. 387, Code Civ. Proc.; *Mack* v. *Eummelen*, 31 Cal. App. 506 [160 Pac. 1096]; *Kelly* v. *Smith*, 204 Cal. 496, 501 [268 Pac. 1057].) In the case of *Eggers* v. *National Radio Co.*, 208 Cal. 308 [281 Pac. 58], cited by the proposed intervener, the motion for a new trial having been granted, the application of the proposed inter-veners therein to intervene was held to be timely. If the motion for a new trial by the public administrator in the instant case had been granted, the proposed intervener herein could rely upon the case of *Eggers* v. *National Radio Co.*, *supra,* as authorization for the granting of his motion to intervene. It has no application to the instant case. It follows that the motion of the respondent to affirm the order of the trial court denying the motion of the proposed intervener to intervene upon the motion for a new trial should be granted.

The motion of the respondent in so far as it is directed to the appeal of the unsuccessful intervener from the final judgment rendered against the defendant public administrator should likewise be granted. It has been held that the only appeal open to an unsuccessful intervener is from the order denying his motion to intervene and he is not entitled to appeal from the judgment rendered in the action. (*Ryan* v. *McKinley*, 124 Cal. App. 765 [13 Pac. (2d) 522]; 20 Cal. Jur., p. 529, sec. 31.)

The proposed intervener argues, however, that he is entitled to appeal from said judgment by virtue of the provisions of section 938 of the Code of Civil Procedure, which provides that, "any aggrieved party may appeal". There can be no doubt that the proposed intervener as sole beneficiary of the estate of Julius H. Schmidt is aggrieved by reason of the entry of said judgment. However, it is a well-established rule that only a person who is a party to the record can appeal. In *Elliott* v. *Superior Court,* 144 Cal. 501, 507 [77 Pac. 1109, 103 Am. St. Rep. 102], it was held that "It has been settled as a rule of practice by a long series of decisions that only *a party to the record* can appeal." The proposed intervener has taken none of the appropriate steps necessary to make himself a party to the record and he can-

134

not become a party simply by joining with the public administrator in the appeal. (2 Cal. Jur., p. 208, sec. 52.)

█ With reference to the motion for the recall of the writ of *supersedeas*, it should be noted that the public administrator did not join in said application, and the writ was issued at the instance of the proposed intervener alone. Inasmuch as it is apparent that he is not a party to the proceeding, it follows that the writ of *supersedeas* issued to preserve the *status quo* of the subject-matter of the judgment appealed from, pending the determination of his right to appeal, should now be recalled.

The motion of the respondent to affirm the order of the trial court, denying the proposed intervener's motion to intervene upon the motion for a new trial, is granted. The motion of the respondent to dismiss the appeal of the proposed intervener from the judgment rendered in said action is granted. It is ordered that the writ of *supersedeas* heretofore issued be recalled.

Seawell, J., Edmonds, J., Shenk, J., Langdon, J., Houser, J., and Waste, C. J., concurred.

Rehearing denied.