[Civ. No. 15213. Second Dist., Div. Two. May 3, 1946.]

Estate of DOROTHEA THOMAS, Deceased. QUINCY KNOUSE et al., Appellants, v. JOHN HANCKEN, Respondent.

George H. Pratt and John A. Gilligan for Appellants.

James V. Brewer for Respondent.

MOORE, P. J.—Having made her last will on May 11, 1943, Dorothea Thomas passed on to her reward on February 18, 1945. One John Hancken, named the sole devisee and executor of decedent, promptly offered the instrument for probate and it was admitted March 13, 1945. While no contest was filed in the form of written grounds of opposition before probate (Prob. Code, § 370) or by filing a petition for that purpose within six months after the will was admitted

to probate (§ 380), yet appellants appeared at the hearing for probate and as amici curiae cross-examined the witnesses. Thereafter they attempted to become parties to the record by filing their notices of appeal. This they cannot do.

No evidence was offered by either appellant; no oral objection was made by either to the probate of the will at the hearing or prior to the order; no appearance was filed by either of them. Not the slightest showing appears to indicate that either appellant is aggrieved by the order appealed from. (Code Civ. Proc., § 938.)

 They are not entitled to appeal (1) because they are not parties (*Braun* v. *Brown,* 13 Cal.2d 130, 133 [87 P.2d 1009]) and (2) because they are not parties to the record. (*Allen* v. *Pugh,* 206 Ala. 10 [89 So. 470]; *Bowe* v. *Pierson,* 206 Ala. 250 [89 So. 711]; *Elliott* v. *Superior Court,* 144 Cal. 501, 508 [77 P. 1109, 103 Am.St.Rep. 102].) Although they are bound by the order which resulted from a proceeding in rem, they are not parties litigant (*Estate of Allen,* 176 Cal. 632 [169 P. 364]; *Estate of Bloom,* 213 Cal. 575, 580 [2 P.2d 753]; *Estate of Stone,*█ (Cal.App.) 133 P.2d 483) and cannot appeal merely because they appeared at the hearing and inquired as friends of the court. Since appellants have only such rights as are conferred by statute (*Estate of Baker,* 170 Cal. 578 [150 P. 989]; *Estate of Anthony,* 127 Cal.App. 186 [15 P.2d 531]; *Estate of Whiting,* 110 Cal.App. 399 [294 P. 502]), and since no statute authorizes them to appeal, they have no right to do so.

It is ordered that the appeals be and they are hereby dismissed.

McComb, J., and Wilson, J., concurred.