[Civ. No. 19011.    Second Dist., Div. Three.    May 8, 1952.]

EVA S. ROSE, Plaintiff, v. SAMUEL C. ROSE, Respondent;
JACQUELINE ROSE, a Minor, etc., Appellant.

Edward Raiden for Appellant.

Fink, Rolston, Levinthal & Kent for Respondent.

VALLÉE, J.—This is a motion to dismiss the appeal.

On March 8, 1948, Eva S. Rose as plaintiff obtained an interlocutory decree of divorce from Samuel C. Rose, by which Samuel was ordered to pay Eva $75 a month for the support of their minor daughter, Jacqueline.  On April 7, 1950, Eva

applied for an increase of the award, for costs, and attorney fees. After a hearing the application was denied. The court did not order that Jacqueline be brought into the action nor did she take any steps to be made a party to the record. She did not appear in the action by a general guardian or by a guardian *ad litem*.

Eva did not appeal from the order denying her application. Jacqueline, a minor, within the time prescribed by law, filed a notice of appeal from the findings and order made on Eva's application. Samuel has made a motion to dismiss the appeal on the ground that Jacqueline has no right to appeal from the order. ■ An appeal does not lie from the findings and that appeal must be dismissed.

May Jacqueline, a minor, not a party to the record in the superior court, not brought into the action by order of the court, without a general guardian or a guardian *ad litem*, appeal from the order?

■ Any party aggrieved may appeal. (Code Civ. Proc., § 938.) The term "party" includes any person who is a party to the record. (*Pacific States Sav. & L. Co.* v. *Mortimer,* 70 Cal.App.2d 811, 814 [161 P.2d 684].) ■ A person who is not a party to the record cannot appeal. (*Eggert* v. *Pacific States S. & L. Co.,* 20 Cal.2d 199, 200-201 [124 P.2d 815].) ■ One may become a party to the record by taking appropriate steps to be made such. (*Pacific States Sav. & L. Co.* v. *Mortimer, supra.*) Jacqueline is a minor. She could appear in the action only by her general guardian or by a guardian *ad litem* appointed by the court. (Code Civ. Proc., § 372.) ■ Since Jacqueline was not named as a party to the action, did not take any appropriate steps to become a party to the record, and since the court did not order her brought into the action, she has no right to appeal from the order. The fact alone that Jacqueline has a beneficial interest in an increase of an award of support money does not entitle her to appeal. (*Braun* v. *Brown,* 13 Cal.2d 130, 133 [87 P.2d 1009].) She did not become a party simply by filing a notice of appeal.

Appeal dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.

Plaintiff's petition for a hearing by the Supreme Court was denied July 7, 1952.