[Civ. No. 8250. Fourth Dist., Div. One. Dec. 23, 1966.]

WOODROW W. BUTTERFIELD, Plaintiff and Respondent, v. WILBERT OTTO WILLIAM TIETZ et al., Defendants and Respondents; BELHO CORPORATION et al., Third Party Claimants and Appellants.

Dungan, Tobias, Tornay, June & Humphreys, June, Tornay, Humphreys & Reilly, Roy E. June, Wenke, Pilskaln, Kemble & Marz and Harold Pilskaln, Jr., for Third Party Claimants and Appellants.

Ralph G. Pagter for Plaintiff and Respondent.

No appearance for Defendants and Respondents.

FINLEY, J. pro tem.*—Appellant Belho Corporation was not originally a party to this action. It did not become involved as a party until after judgment in the amount of $12,161.55 was entered in favor of plaintiff-respondent Butterfield and against defendants-respondents as judgment debtors. A writ of execution was issued and certain real property *originally* belonging to defendants-respondents, but then standing in the name of appellant, was sold to Butterfield at execution sale. Shortly thereafter Butterfield successfully presented a motion to set the sale aside. Appellant prosecutes this appeal as record title holder of the property thus sold, claiming to be aggrieved and that as an aggrieved party, although not a party to the original action, he has a right of appeal.

At the sale, when the bidding was opened, Butterfield, speaking through his attorney, offered $1,000. There being no other bids, the property was sold to him for $1,000. The selling officer together with Butterfield and his attorney, then went to the marshal's office to execute the necessary papers. At this point the selling officer sought to clarify what the $1,000 was intended to cover by asking Butterfield if his bid included costs. Butterfield contended his offer was meant to be $1,000 over and above the amount of his judgment. Because of this alleged misunderstanding, which amounts to an irregularity in the sale since there was no meeting of the minds between the bidder and selling officer, Butterfield moved with success to have the sale set aside.

The appeal presents two basic issues: 1. Does a successor to a fee title have standing to appeal from an order setting aside an execution of sale affecting title, even though not a party of record to the original action resulting in the judgment?

2. Did the trial court abuse its discretion in ordering the execution sale vacated?

*First Issue*:

The answer to the first question begins with an analysis of Code of Civil Procedure, section 938, which states in part: "Any party aggrieved may appeal . . ." Ordinarily, if an appellant is not a party of record at the time of judgment

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

or order from which appeal is taken, an appeal is not in order without first filing a motion to vacate the adverse ruling. (*Elliott* v. *Superior Court,* 144 Cal. 501 [77 P. 1109, 103 Am.St. Rep. 102]; *Braun* v. *Brown,* 13 Cal.2d 130 [87 P.2d 1009]; *Eggert* v. *Pacific States Sav. & Loan Co.,* 20 Cal.2d 199 [124 P.2d 815]; *Estate of Thomas,* 74 Cal.App.2d 389 [168 P.2d 773]; *Rose* v. *Rose,* 110 Cal.App.2d 812 [243 P.2d 578].) The primary reason for requiring this procedural step is to prevent persons not truly aggrieved, and whose interest in the particular litigation is not clearly established, from processing an appeal. (*Estate of Sloan,* 222 Cal.App.2d 283 [35 Cal.Rptr. 167].)

 Appellant argues that when a party is plainly aggrieved by a ruling of the court, its right to a direct appeal should not be denied simply because it did not become a party to the original proceeding. (*Estate of Sloan, supra,* 222 Cal. App.2d 283, 292.)

A test for determining whether a party is aggrieved can be found in the case of *Adams* v. *Woods,* 8 Cal. 306, an 1857 case, where the court said, at page 315: "*Would the party have had the thing, if the erroneous judgment had not been given?* If the answer be yea, then the person is the 'party aggrieved.' But his right to the thing must be the immediate, and not the remote consequence of the judgment, had it been differently given."

In *Estate of Sloan, supra,* 222 Cal.App.2d 283, 292, the court ruled that if an appellant would be bound by a ruling of the trial court because of the doctrine of res judicata, irrespective of the fact it was not a party of record in the original proceeding, then it is a party sufficiently aggrieved to warrant the right of direct appeal.

Belho acquired title to the property after plaintiff had secured its judgment against Belho's predecessor in interest. The latter's [Belho's] interest is immediate and any action taken against the property directly affects the status of Belho's title, and would be binding upon it. Therefore, Belho has standing to appeal in the sense discussed in the *Sloan* case.

*Second Issue:*

 Has appellant demonstrated that the trial court abused its discretion in setting aside the sale?

Without going into each point raised by respondent as a ground for granting its motion to vacate, the rule is that the

trial court's discretion in matters of this nature is very broad and showing of a clear abuse of discretion must be made by the complaining party before such an order should be reversed. We find that appellant has failed to carry this burden.

It is illogical for appellant to argue that the order setting aside the execution sale and restoring it to ownership has caused or will cause it injury. Obviously appellant has in mind the laws relating to redemption of property sold upon execution. But it is not entitled to insist upon the advantage to be thus gained where it can be reinvested with title in the absence of a reasonable showing of direct damage proximately caused by the act of going through the sale procedures.

The facts of this case warrant a determination that appellant has standing to appeal, even though it was not a party to the record and did not take steps to be made a party as discussed in *Elliott* v. *Superior Court, supra,* 144 Cal. 501. It has, however, failed to demonstrate that the trial court abused its discretion in ordering the sale set aside. Consequently it is not entitled to relief.

The order is affirmed.

Brown, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied January 16, 1967, and appellants' petition for a hearing by the Supreme Court was denied February 21, 1967.