[Civ. No. 41994. Second Dist., Div. Four. Feb. 27, 1974.]

EVELYN MUSTALO, Plaintiff and Appellant, v.
JOSEPH MUSTALO, Defendant and Respondent.

**COUNSEL**

Jack H. Berkowitz for Plaintiff and Appellant.

Siple & Robinson and Allan L. Melikian for Defendant and Respondent.

**OPINION**

**KINGSLEY, J.**—Plaintiff (wife) filed an action for divorce on May 4, 1965; summons and complaint therein were served on defendant (husband) on May 6, 1965.[1] On May 14, 1965, a stipulation, executed by both parties and by counsel for plaintiff was filed. That stipulation, in addition to reciting agreement as to custody of children, temporary support and division of community property, contained a provision that the default of defendant might be entered.[2] As far as the record before us shows, no default or judgment was obtained by the wife and no further action was taken by either party until, on May 16, 1972, the husband filed a "Response" to the complaint[3] and a memorandum for setting. The case was set for trial on July 28, 1972. On September 12, 1972,[4] the case was called and, at the request of counsel for the husband, was continued until November 3, 1972. The minute order of September 12, 1972, contains the following provision: ". . . the failure of petitioner to seek default prior to trial will not be a waiver of the enforcement of the stipulation." When the case came on for trial, the trial court made the following order: "Trial of the above entitled matter comes regularly on at this time upon assignment from the master calendar department with respective counsel and both parties present as indicated.

"Counsel for plaintiff indicates that he is ready to proceed. The court, on its own motion, having reviewed the file, rules as follows:

"The court orders the summons and return on the summons filed. The court finds that the complaint was filed on May 4, 1965, and was served on the defendant on May 6, 1965.

---

[1]The record on appeal does not contain the return of service. However, the trial court expressly found that it had been served on· May 6, 1965, and both parties have adopted that date in their arguments in this court.

[2]". . . each party agrees that the plaintiff may take a default on the basis of this stipulation."

[3]The "Response" was on the form prescribed for use after the Family Law Act became effective in 1971.

[4]The record before us does not disclose why, or how, the case had not been heard on July 28, 1972.

"From 1965 and for three years after service, the law specified that no action shall be further prosecuted and all actions shall be dismissed by the court on its own motion or on the motion of any interested party if the summons has been served and no answer has been filed, if plaintiff fails or has failed to have judgment entered within three-years after service of summons except where the parties have filed a stipulation in writing that the time may be extended (referring to Section 581(c) under the 1969 amendments.)

"Since service was on May 6, 1965, the three-year period with no answer having been filed and served, expired on May 6, 1968.

"The court's interpretation of the law at the time the three-years ran is that the court was under a mandate from the Legislature to dismiss the matter on May 6, 1968. The court did not do that.

"The matter has been delayed beyond 1968 for four more years to the detriment of the rights of the defendant, not his fault, in that a prior support order has been permitted to remain in effect at $300 per month. Respondent was not represented until 1972.

"The court finds the fault in the case rested with plaintiff in not complying with the law and in not bringing the matter on or proceeding to judgment within three years. Based upon that, it is this court's opinion that the court, on its own motion, ought to have dismissed the action in 1968.

"The respondent recently filed a response. He would not and could not have done so, had the court done what it should have done in 1968. Whether deliberately or negligently delayed by plaintiff's counsel does not seem to be the focal point of the case. In either event, the lapse of time after May 6, 1968, creates the no-fault detriment to respondent. A nunc pro tunc order is within the inherent power of the court when such will do justice to one of the parties whose rights are threatened by a delay which is not his fault.

"No evidence, as such, was presented to the court. The record was considered thoroughly including the present circumstances of the parties and the court and counsel discussed the period from 1965 to date, and it appeared to the court that an injustice would result from proceeding on this matter after the court's oversight in 1968 and after a seven-year delay, attributable to the failure of petitioner and her counsel.

"The court further notes that the only reason for delay given by counsel for plaintiff was non-payment of attorney fees. Therefore, in the opinion of the court, the order nunc pro tunc was the only way justice could be served.

"The court, therefore, orders that the cause now before this court be dismissed pursuant to section 581(a) of the Code of Civil Procedure, nunc pro tunc as of May 6, 1968."

■ The wife has appealed, contending: (1) that the order of dismissal was erroneous and (2) that, in any event, the dismissal should not have been made retroactive.

## I

As the order above quoted makes clear, the dismissal was based solely on what is now subdivision (c) of section 581a of the Code of Civil Procedure. We agree with the husand that, if section 581a is applicable to this case, it is that subdivision, and not subdivision (a), which applies.[5]

However, the complaint was filed on May 4, 1965, and the five-year period prescribed by section 583 of the Code of Civil Procedure had expired long before the husband filed his response on May 16, 1972. Had the court acted on its own motion under section 583 at any time before the response was on file, there could be no question but that its order, although mistakenly based on another section, would be upheld on appeal. But the court did not so act. When the matter was called on September 12, 1972, no contention under section 583 was urged by the husband, nor was that contention (or any other request for dismissal) ever made by him. It is clear from his "Response" that he desired only a proper allocation of property rights.

The power of a trial court to dismiss, on its own motion, under section 583 is designed to enable it to remove stale litigation from its docket. But here, since the status of the parties and their property rights still remain to be determined, in this or in some new proceeding, no public benefit is served by a dismissal, without the consent of either party, merely to have a new case filed and tried. It is settled that a defendant may be estopped from requesting a dismissal under section 583. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 71, p. 2733 et seq.) While we have found no case involving the situation before us, we think that the husband's action here, in a dissolution case, in filing a response to the complaint and in seeking to bring the case on for trial on the important property issues involved, amounted to an estoppel which barred him from invoking section 583. It is settled that a stipulation made after the five-year period has run

---

[5]The parties agree that the stipulation of May 16, 1965, was a general appearance by the husband. Under the terms of subdivision (a) of section 581a, and the cases construing that subdivision, the general appearance made inapplicable the three-year requirement for return of summons.

will avoid section 583. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 69, p. 2732.) In a case such as this, where no statute bars the immediate institution of a new proceeding, we regard the action of the husband in filing both a response and a motion to set for trial, as the equivalent of such a stipulation.

## II

■ We proceed to consider the validity of the dismissal under subdivision (c) of section 581a. That subdivision reads:[6] "All actions, heretofore or hereafter commenced, shall be dismissed by the court in which the same may be pending, on its own motion . . . if no answer has been filed after either service has been made or the defendant has made a general appearance, if plaintiff fails, or has failed, to have judgment entered within three years after service has been made or such appearance by the defendant, except where the parties have filed a stipulation in writing that the time may be extended."

Counsel have not cited to us, and we have not found, any case directly in point. In *Schultz* v. *Schultz* (1945) 70 Cal.App.2d 293 [161 P.2d 36], relied on by the husband, no answer had been filed at the time the order of dismissal was made. However, in the case at bench, an answer was on file, and had been for over five months, before the trial court, on its motion, dismissed the action. We regard the filing of the "Response" as making subdivision (c) inapplicable. It is well settled that a defendant may file an answer, even after the time to answer has expired, unless a default has previously been entered.[7] It follows that, on September 12, 1972, the case was at issue and the wife no longer had, and after May 16th had not had, the right to proceed to judgment.[8]

## III

Since we conclude that the dismissal was erroneous, we do not reach the question of the "nunc pro tunc" provision. We note, however, that,

---

[6]The changes in language between 1965 and 1972 are not material to the issue here.

[7]4 Witkin, California Procedure (2d ed. 1971) Proceedings Without Trial, section 146, pages 2808-2809.

[8]Since the question is not raised by either party on this appeal, we do not decide the validity of the stipulation for the entry of default (cf. *Brainard* v. *Brainard* (1947) 82 Cal.App.2d 478, 483 [186 P.2d 990]). While the record indicates that, at the September 12th hearing, counsel for the wife was relying on the stipulation, he at no time moved to strike the response then on file. On November 5th, he again indicated that he desired to proceed "on the stipulation heretofore filed." But, on September 12th he had indicated that there was one issue—"that of retirement"—to be tried. In short, plaintiff at no time sought to have a default entered or to have a judgment entered without some additional court action.

apart from the conclusionary language in the minute order above quoted, the record contains nothing to show that the husband had been prejudiced by the delay or that he was not entirely willing to proceed to litigate the issues in 1972—in fact the record shows that it was the husband who, rather than seeking relief under subdivision (c) of section 581a, was seeking, by his response and memorandum for setting, to proceed with the case as it then stood.

The order is reversed.

Jefferson, Acting P. J., and Dunn, J., concurred.