[Civ. No. 67792. Second Dist., Div. Five. Dec. 12, 1983.]

ROGER BROWN, Plaintiff and Respondent, v.
LINDA J. RIDGEWAY, Defendant and Appellant;
SAFECO TITLE INSURANCE COMPANY,
Real Party in Interest and Appellant.

**COUNSEL**

Fizzolio, Fizzolio & McLeod and Stephen R. McLeod for Defendant and Appellant.

Diller, Freedman & Neiter and Baird A. Brown for Real Party in Interest and Appellant.

Hovanesian & Hovanesian and Ara Hovanesian for Plaintiff and Respondent.

---

## OPINION

**FEINERMAN, P. J.**—Defendant, Linda Ridgeway (defendant), appeals from a November 10, 1981, judgment by court after default. Another appeal from the same judgment was filed by Safeco Title Insurance Company (Safeco) on May 7, 1982. Safeco was not a party to the lawsuit, but claims, nevertheless, to be an aggrieved party with standing to prosecute an appeal because it acquired an interest in the real property, which is the subject of this lawsuit, as the holder of a promissory note, issued by defendant, and secured by a deed of trust on the subject property. (See *Butterfield* v. *Tietz* (1966) 247 Cal.App.2d 483, 484-485 [55 Cal.Rptr. 577].)

### FACTS

A complaint was filed in this matter by Roger Brown (plaintiff) on August 26, 1977. Plaintiff sought specific performance, damages for breach of contract, and declaratory relief, alleging that on June 2, 1977, Linda and Harry Ridgeway[1] entered into a written agreement to sell the subject property to plaintiff. On November 23, 1977, defendant filed an answer and cross-complaint in one document. Plaintiff filed a motion to strike the answer and cross-complaint which was granted on August 3, 1978. At that time, the trial court gave defendant 30 days to file an amended answer and an amended cross-complaint. The record shows that defendant and her attorney, Susan Guberman, were present at the time the court made its ruling on the motion to strike.

The record also indicates that on July 27, 1978, defendant's attorney had presented a motion to withdraw as counsel for defendant as well as an application for order shortening time to file such a motion. There is no indication that the motion was ever accepted for filing or that the trial court ever ruled on the motion to withdraw.

No amended responsive pleadings having been filed by defendant in the 30 days allowed by the trial court, on September 14, 1978, defendant's default was duly entered.

---

[1]Harry Ridgeway, the ex-husband of Linda Ridgeway, is not a party to this appeal and, hence, any reference hereinafter to defendant is to Linda Ridgeway.

The matter was set for default prove-up on August 1, 1979, then continued to September 5, 1979, and then to October 1, 1979. On October 1, the matter was taken off calendar because of plaintiff's nonappearance.

On October 8, 1981, defendant filed a motion to expunge lis pendens and a motion to dismiss pursuant to Code of Civil Procedure section 581a, subdivision (c), on the ground that plaintiff had failed to have a judgment entered within three years after service of summons.

On October 28, 1981, the trial court denied defendant's motions to dismiss and to expunge lis pendens. On November 10, 1981, the trial court rendered a judgment ordering specific performance of the agreement to sell the subject property to plaintiff, based on defendant's default.

## DISCUSSION

Defendant contends that the trial court should have granted her motion to dismiss pursuant to Code of Civil Procedure section 581a, subdivision (c) which, at the time here pertinent, provided as follows: "All actions, heretofore or hereafter commenced, shall be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, *if no answer has been filed* after either service has been made or the defendant has made a general appearance, if plaintiff fails, or has failed, to have judgment entered within three years after service has been made or such appearance by the defendant, except where the parties have filed a stipulation in writing that the time may be extended." (Italics added.)

■ "Subdivision (c) penalizes a plaintiff who fails to obtain default judgment within the prescribed period by requiring dismissal. Like the service requirement of subdivision (a) and five-year trial requirement of Code of Civil Procedure section 583, it is designed to encourage diligence in the prosecution of an action once it has been filed." (*General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449, 454 [124 Cal.Rptr. 745, 541 P.2d 289].)

However, by its very terms, Code of Civil Procedure section 581a, subdivision (c) is not applicable in cases where defendant has filed an answer which, respondent claims, was done in this case. We have found only one case which is somewhat similar to the facts involved here. In *Mustalo* v. *Mustalo* (1974) 37 Cal.App.3d 580 [112 Cal.Rptr. 594], the wife filed an action for divorce on May 4, 1965. Summons and complaint were served on the husband on May 6, 1965. On May 14, 1965, the parties signed and filed a stipulation regarding custody, temporary support, etc., which also contained a provision that the default of the husband could be entered. The

wife did not take husband's default, and on May 6, 1972, husband filed a "Response" to the complaint. The case was set for trial sometime thereafter, and, on that day, the trial court, on its own motion, dismissed the action based on the provisions of subdivision (c) of Code of Civil Procedure section 581a. The appellate court reversed the order of dismissal stating (37 Cal.App.3d 580, at p. 585): "Counsel have not cited to us, and we have not found, any case directly in point. In *Schultz* v. *Schultz* (1945) 70 Cal.App.2d 293 [161 P.2d 36], relied on by the husband, no answer had been filed at the time the order of dismissal was made. However, in the case at bench, an answer was on file, and had been for over five months, before the trial court, on its motion, dismissed the action. We regard the filing of the 'Response' as making subdivision (c) inapplicable. It is well settled that a defendant may file an answer, even after the time to answer has expired, unless a default has previously been entered. It follows that, on September 12, 1972, the case was at issue and the wife no longer had, and after May 16th had not had, the right to proceed to judgment." (Fns. omitted.)

Our case is slightly different than *Mustalo* v. *Mustalo, supra,* 37 Cal.App.3d 580. In *Mustalo* the answer had not been stricken, the case was at issue, and both parties were ready for trial when the trial court, on its own motion, dismissed the complaint. In the case before us, the answer had been stricken. The effect of an order striking a pleading was discussed in *Forbes* v. *Cameron Petroleums, Inc.* (1978) 83 Cal.App.3d 257 at page 262 [147 Cal.Rptr. 766]. In that case the court held that a court order striking an unauthorized demurrer eliminated it as a general appearance.

If the effect of an order striking a pleading is to nullify the pleading as though it had never been filed, then in the case before us, defendant's answer having been stricken, application of subdivision (c) of section 581 would seem to be appropriate. Striking of the answer was the basis of plaintiff's right to entry of a default judgment. Code of Civil Procedure section 586, subdivision 5 provides that a default judgment shall be rendered "as if the defendant had failed to answer" if a demurrer to an answer is sustained and the defendant "fails to amend the answer within the time allowed by the court."

The facts in the case at bench, however, reveal an additional impediment. At the time defendant filed her motion to dismiss pursuant to section 581, subdivision (c), her default had already been taken. She had no standing to file the motion without first obtaining relief from the default. (See *Christerson* v. *French* (1919) 180 Cal. 523, 525 [182 P. 27]; *A & B Metal Products* v. *MacArthur Properties, Inc.* (1970) 11 Cal.App.3d 642, 647 [89 Cal.Rptr. 873]; *Remainders, Inc.* v. *Superior Court* (1961) 192 Cal.App.2d

411, 412 [13 Cal.Rptr. 221]; *Jones* v. *Moers* (1928) 91 Cal.App. 65, 69-70 [266 P. 821].) The defendant's lack of standing was sufficient reason for the trial court to deny the motion to dismiss.

The question remains whether the trial court had authority to then enter the default judgment more than three years after service of summons. **(3)** "It is well settled that a trial court has jurisdiction to render a default judgment more than 'three years after service of summons' (Code Civ. Proc., § 581a) although such a judgment is erroneous and subject to direct attack upon an appeal from it. [Citations.]" (*Phillips* v. *Trusheim* (1945) 25 Cal.2d 913, 916 [156 P.2d 25], *Taintor* v. *Superior Court* (1949) 95 Cal.App.2d 346, 348 [213 P.2d 42].) While it has been held that the court has jurisdiction, still, such a default judgment is erroneous and should be reversed where an appeal from the judgment is properly taken. In *Lynch* v. *Bencini* (1941) 17 Cal.2d 521 [110 P.2d 662], the complaint was filed on February 8, 1934. Defendant, Wright, was served on January 10, 1936. The return of service was filed on August 4, 1936, and Wright's default was entered that same day. However, default judgment was not entered against Wright until June 29, 1939, more than three years after he was served. The Supreme Court considered the validity of the default judgment in light of the mandatory provisions of Code of Civil Procedure section 581a and reversed the judgment, stating (17 Cal.2d at pp. 530-533): "'. . . This question involves the effect of the last paragraph of section 581a, which was added by amendment in 1933. This paragraph reads:

"'"All actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons."

"'

"'The respondents contend that the word "must" in section 581a does not indicate any curtailment of jurisdiction to enter judgment under subdivision 1 of section 585. While this may be true, the last paragraph of section 581a, taken as a whole, imposes a duty upon the plaintiff and imposes a duty on the court to dismiss the action if the plaintiff fails to perform that duty. While formerly the only duty in such a case was one resting upon the clerk, with no penalty for his delay, it is now made the duty of the plaintiff to "have judgment entered" within the prescribed time, in other words to take affirmative steps to that end.

"'When the plaintiff fails to perform that duty his rights are affected and a benefit is conferred upon the defendant by the provision that the court

must dismiss the action. The duty thus imposed on the court, however, is not confined to where such action is requested by the defendant but is one which the court is required to exercise "on its own motion." This statutory provision is clearly intended to apply to cases where the defendant is not yet taking any steps for his own protection. Clearly, under the statute, it is error for the court to fail to perform this duty directly imposed upon it. While a judgment so entered may not be void for lack of jurisdiction the court's error in failing to perform that duty is one which may be corrected on appeal from the judgment, if taken within the statutory time. The duties and rights of the parties are still affected by the last paragraph of section 581a and the judgment itself is still subject to review on a direct and timely appeal. Assuming that the clerk had here a duty to perform in his ministerial capacity, and that he had no power to pass upon the effect of the last paragraph of section 581a, the court had both the power and the duty to do so, the matter was directly presented to it on timely motions after judgment, and the matter is now properly here for review. Under such circumstances the error may be corrected and the judgment, entered and allowed to stand in disregard of the provisions of section 581a, should be reversed.' "

Having determined that the effect of the order striking defendant's answer was to render the pleading a nullity, we hold that Code of Civil Procedure section 581a, subdivision (c), was applicable here, and that while the trial court had jurisdiction to enter the default judgment more than three years after service of summons, it was error to do so, and, following *Lynch v. Bencini, supra,* 17 Cal.2d 521, the judgment must be reversed on appeal.

The judgment is reversed and the trial court is directed to dismiss plaintiff's action on its own motion in conformity with the provisions of Code of Civil Procedure section 581a, subdivision (c).

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied January 10, 1984, and respondent's petition for a hearing by the Supreme Court was denied February 15, 1984.