[No. A038372. First Dist., Div. Four. Nov. 24, 1987.]

PAMELA MOHN, a Minor, etc., Plaintiff and Respondent, v.
FREDERICK J. KOHLRUSS et al., Defendants;
FARMERS INSURANCE EXCHANGE, Real Party in Interest and
Appellant.

COUNSEL

Noreen M. Evans and O'Brien, Watters, Davis, Malisch & Piasta for Real Party in Interest and Appellant.

Edward D. Bronson, Jr., Roxanne L. Holmes and Bronson, Bronson & McKinnon for Plaintiff and Respondent.

OPINION

SABRAW, J.—Farmers Insurance Exchange (Farmers) appeals from an order approving the compromise of a minor's claim. In view of the ambiguity of the proceedings below, in which Farmers fully participated, we cannot say that the trial court erred. Accordingly, we affirm.

FACTS

Plaintiff is the minor child of William Mohn, with whom she resides. She filed the complaint in this action through a guardian ad litem, seeking damages for personal injuries suffered in an automobile accident. Shortly thereafter she petitioned for an order approving a compromise of the claim. The petition stated that an agreement had been reached with Farmers, the defendant driver's insurer, by which Farmers would pay its policy limits of $100,000 less sums it had already paid "for the benefit of said minor." It

further stated that Farmers had already paid $25,000 to plaintiff's father, but that the parties did not agree on the treatment of these payments: Farmers contended that the full amount "should be deducted from its offer of $100,000," while plaintiff contended that the deduction should be limited to the $11,211.54 which had gone toward plaintiff's medical expenses. The petition further stated that the parties were "agreeable to having the Court decide what amount be deducted from the $100,000 offer should the Court otherwise approve the compromise. . . ."

Farmers did not deny any of the averments of the petition. However, it filed a memorandum noting an outstanding "problem," namely, "Whether Farmers is entitled to credit against its policy limits settlement offer of the full $25,000 . . . or . . . only those sums used to pay medical expenses." The memorandum concluded with the request "that the settlement agreement be approved as set forth in the petition with the proviso that Farmers is entitled to a credit in the amount of $25,000." At the hearing on the petition, Farmers expressly stipulated to submit to the court the issue of the amount of credit to be allowed.[1]

The court approved the compromise and ruled that "[o]nly the sum of $11,211.54 is recognized as a credit against Farmers' obligation to pay $100,000 in compromise of the minor's claim." Farmers filed this appeal.[2]

---

[1] The transcript reflects the following: "THE COURT: Is there a stipulation that in ruling on the petition the court may rule on the question how much of the $25,000 advanced by Farmers to Mr. Mohn will be recognized as a payment on account of the agreed $100,000 compromise of the minor's claim? [¶] MR. LEBLANC [Counsel for Farmers]: I think I could ask Mr. Bronson right now if we could credit the full 25, he would say yes, if that's an answer to your question. [¶] MR. BRONSON [Counsel for Plaintiff]: I have no quarrel with the proposed stipulation your honor has made, whether your honor exercises that discretion for the full $25,000 or something less. [¶] THE COURT: I've just put the question whether there may be a stipulation that the court may rule on that issue. [¶] MR. BRONSON: I believe that is the substance of our settlement agreement. [¶] MR. LEBLANC: Correct. [¶] THE COURT: You do now or have in the past stipulated that in ruling on the petition for compromise the court may rule on the question how much of the $25,000 advanced by Farmers to Mr. Mohn will be recognized as a payment on account of the agreed $100,000 compromise of minor's claim? [¶] MR. LEBLANC: Well, I'm thinking of the implications of that, your honor. I don't want to frustrate the settlement, and yet I don't know whether or not I've considered the ramifications of that if I put it before the court on stipulation, as opposed to not. At some point in time it's got to be decided. [¶] THE COURT: I just asked that question because I am not going to decide any issue that isn't presented to me. [¶] MR. LEBLANC: Correct. I would stipulate thereto. [¶] THE COURT: All right. You do, too, Mr. Bronson? [¶] MR. BRONSON: Yes, your honor."

[2] Because Farmers never became a formal party to the record, a question arises whether it has standing to appeal. (See Code Civ. Proc., § 902; *Butterfield* v. *Tietz* (1966) 247 Cal.App.2d 483, 484 [55 Cal.Rptr. 577].) However it appears that with the acquiescence of all concerned, Farmers became a party to the order appealed from. The order notes Farmers' appearance and adjudicates its rights. (See *Butterfield* v. *Tietz, supra,* 247 Cal.App.2d 483, 485 [party had standing where aggrieved and bound by ruling].)

ANALYSIS

■ The party bringing an appeal bears the burden of showing that the judgment appealed from is infected by prejudicial error. The judgment is presumed correct, and error must be affirmatively shown. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, p. 276.) The record before us not only fails to demonstrate error, but fails to establish that any issue has been preserved for appeal.

■ At the threshold we are confronted with interpreting and characterizing the parties' agreement and the nature of the submission made to the trial court. The reasonable interpretation of the language used by the parties is that they had arrived at a settlement of the lawsuit under which they agreed to allow a credit for sums actually spent "for the benefit of the minor" which would be deducted from Farmers' payment of its policy limits of $100,000. They further agreed to allow the court to determine the amount of the credit Farmers was entitled to receive. Under their settlement agreement the trial court was being called upon to make a binding determination of one outstanding issue to be used to complete the otherwise stipulated disposition.

Our holding that the agreement should be viewed as a submission for a *binding* determination of the amount of credit is consistent with the fact that the parties did not present a cogent factual or legal basis for a ruling, and also comports with common practices and expectations concerning settlement. Parties seeking to settle a case can, and often do, find settlement obstructed by a discrete dispute, such as the value of a particular item of claimed damages. In such a case the parties often decide to submit the outstanding issue to the court, providing a specified range of options from which it must choose. The trial judge in such an instance is not adjudicating an issue but is arbitrating a dispute. It is essential to such an agreement that the judge's decision will be binding. In such a case review is barred because the judgment is entered by consent. (See 9 Witkin, *op. cit. supra,* § 143, pp. 152-153.) Moreover, since the parties have conferred a virtually unlimited discretion on the trial court, review is practically impossible; there is no standard by which to judge the correctness of the court's action, provided it complies with the terms of the parties' submission. (See *id.,* § 144, p. 153.)

The usual role for a settlement judge is *mediation,* i.e., "intermediating between two contending parties with a view to persuading them to adjust or settle their dispute." (Black's Law Dict. (5th ed. 1979) p. 885.) However, in the situation described above, the judge is engaged in *arbitration,* i.e., "[t]he reference of a dispute to an impartial (third) person chosen by the parties to the dispute who agree in advance to abide by the arbitrator's award . . . ."

(*Id.,* at p. 96.) To be distinguished from both of these roles is *adjudication,* i.e., "formal[ly] giving or pronouncing a judgment or decree, . . ." which implies "a hearing by a court, after notice, of legal evidence on the factual issue(s). . . ." (*Id.,* at p. 39.) Generally, substantive legal questions are reviewable only if the trial court has *adjudicated* the question presented, or has erroneously failed to do so.

Both parties expressly stipulated that the court *could* resolve the amount of the disputed credit. Therefore the parties must be deemed to have empowered the court, by stipulation, to *arbitrate* their dispute. Even if this does not accurately reflect their subjective intentions, it must be deemed to constitute their legal intention as objectively manifested by their stipulating to a decision while failing to preserve any substantive issues for appellate review. Certainly Farmers should not be rewarded for the weakness of its legal and factual showing with a remand for further proceedings. It is the parties' burden to create a clear record while they have the opportunity to do so.

The order appealed from is affirmed.

Anderson, P. J., and Poché, J., concurred.

A petition for a rehearing was denied December 24, 1987.