Filed 6/24/16  Bidari v. Kelk CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TAIMOOR BIDARI, | B264953 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SC115503) |
| v. | |
| AHANG ZARIN KELK et al., | |
| Defendants; | |
| HAMID MIRSHOJAE, | |
| Intervener and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lawrence Cho, Judge.  Affirmed.

Miller Barondess, James Goldman and Christopher D. Beatty for Intervener and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis, Scott J. Leipzig and Kenyon D. Harbison for Plaintiff and Respondent.

# I. INTRODUCTION

Hamid Mirshojae appeals from the May 13, 2015 post judgment orders in Bidari v. Kelk, case no. SC 115503 ("the lawsuit") in favor of plaintiff, Taimoor Bidari. At issue are claims involving defendant, Ahang Mirshojae, Dr. Mirshojae's former spouse, who is also sued under the name Ahang Zarin Kelk. The postjudgment orders: denied Dr. Mirshojae's motion to intervene in the lawsuit; denied Dr. Mirshojae's motion to expunge the recorded pending action notices concerning the property located at 22548 Pacific Coast Highway, unit 304, Malibu, California 90265 (the "property"); and granted plaintiff's application for sale of the property to secure payment of his judgment against Ms. Kelk. On appeal, Dr. Mirshojae does not challenge the rulings denying his motions to intervene and expunge the pending action notices. His sole contentions on appeal are the trial court lacked power to order the sale of the property in the absence of an attachment and plaintiff's recovery should be limited to $637,826. Because Dr. Mirshojae was never made a party in the trial court, he cannot raise any issues concerning the sale or any limits on plaintiff's recovery. We affirm the orders.

# II. PROCEDURAL AND FACTUAL HISTORY

On January 9, 2012, plaintiff filed a complaint against defendant and others. Dr. Mirshojae is not named in the complaint. On January 12, 2012, plaintiff recorded a pending action notice. In a first amended complaint, filed July 25, 2012, plaintiff alleges defendant breached a January 2011 partnership agreement to jointly purchase and own the property. According to plaintiff, defendant breached the partnership agreement by taking title to the property on January 20, 2011 in her name as her sole property. On July 25, 2012, another pending action notice was recorded.

The lawsuit was tried in November 2013 and June 2014. Dr. Mirshojae testified in November 2013. On August 6, 2014, Dr. Mirshojae filed a lawsuit against defendant relating to their marital settlement agreement. That lawsuit is not before us. On August

2

26, 2014, Dr. Mirshojae entered into a stipulated judgment with defendant in the amount of $1.5 million, an abstract of which he recorded.  Quitclaim deeds to the property from defendant to Dr. Mirshojae were recorded on October 9 and November 3, 2014.  A grant deed from defendant to Dr. Mirshojae was recorded on November 10, 2014.

On November 4, 2014, judgment was entered.  The trial court awarded damages to plaintiff and against defendant in the amount, as amended on January 9, 2015, of $1,736,406.  The trial court granted plaintiff an equitable lien and imposition of a constructive trust as to an undivided interest in the property.  The lien was to secure payment of the damages imposed by the trial court.  The trial court ordered that the lien relate back to the pending action notices recorded on January 10 and July 25, 2012.  The trial court ordered that the lien remain in effect until the judgment was satisfied.  Defendant appealed the judgment.  The appeal was dismissed on June 19, 2015, pursuant to California Rules of Court, rule 8.140(b).

On April 3, 2015, plaintiff filed an ex parte application for an order to show cause why the sale of the property should not be ordered.  Dr. Mirshojae opposed the order to show cause.  On May 11, 2015, Dr. Mirshojae filed a motion to expunge the pending action notices.  On May 14, 2015, Dr. Mirshojae filed an ex parte motion to intervene and, as intervenor, to move to expunge the pending action notices.

The postjudgment motions were heard on May 15, 2015.  Dr. Mirshojae argued: the trial court lacked authority to order sale of the property to satisfy the judgment against defendant; this was because he, not defendant, owned the property, there was no writ of attachment on the property when defendant transferred it to him; a pending action notice cannot be used to satisfy a money judgment; and the court trial had no authority to adjudicate title to the property in the postjudgment proceeding.  Concerning the intervention motion, Dr. Mirshojae contended:  a pending action notice expungement motion may be made after the judgment; if the trial court had authority to order the sale of the property, then he had standing to move to expunge the pending action notices; and the proceeds from the sale of the property should not be applied to pay the punitive damages, interest, costs and fees imposed by the judgment.

3

In opposition, plaintiff contended, among other things: Dr. Mirshojae did not have valid title to the property; this was because the conveyance was fraudulent; and the conveyance did not have superior title because the constructive trust and equitable lien on the property set forth in the judgment related back to the filing of the pending action notices. As to the motion to intervene, the opposition argued: intervention was improper because it was untimely and was not accompanied by a complaint-in-intervention; because Dr. Mirshojae was not a party, he could not seek to expunge the pending action notices; and in any event, plaintiff was seeking to execute on the judgment that imposed an equitable lien ordered by the trial court, not on the pending action notices. On May 15, 2015, the trial court: granted the motion for order of sale of the property; denied the motion to expunge the pending action notices; and denied Dr. Mirshojae's intervention motion.

On May 27, 2015, Dr. Mirshojae filed a mandate petition with this court. Dr. Mirshojae contended: the trial court should not have ordered a sale of the property because defendant did not own it and plaintiff had not obtained a prejudgment attachment lien on the property; the pending action notices were invalid; the trial court should not have ordered the sale on the ground of fraudulent transfer; and if the sale order is not vacated, it should be amended so that plaintiff does not receive an excessive portion of the proceeds of sale. On June 12, 2015, we denied the petition. (*Mirshojae v. Superior Court* (June 12, 2015, B264313) [nonpub. order].) We ruled in part: "The petition is denied. Petitioner fails to show that the respondent court abused its discretion in denying his application to intervene. (Code Civ. Proc., § 387, subd. (b); *Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 513; *Lippman v. City of Los Angeles* (1991) 234 Cal.App.3d 1630, 1633-[16]34.) Because petitioner did not successfully intervene, the respondent court properly denied his motion to expunge [the pending action notices]. (Code Civ. Proc., § 405.30 ['. . . a person who is not a party to the action shall obtain leave to intervene from a court at or before the time the party brings the motion to expunge the notice'].) Any challenge to the judgment is properly heard by way of appeal. To the extent petitioner continues to believe his application to intervene was

4

improperly denied, his remedy is to file a timely notice of appeal. (*Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1363.)" (*Mirshojae v. Superior Court* (June 12, 2015, B264313) [nonpub. order].)

## III.  DISCUSSION

Dr. Mirshojae filed a timely notice of appeal but not for the purpose of challenging the denial of his intervention application.  Instead, he again challenges the sale order and related issues concerning the effect of a pending action notices, substantially repeating the contentions he made in his unsuccessful mandate petition.  We denied the mandate petition in part, because Dr. Mirshojae did not successfully intervene.  Dr. Mirshojae contends that his failure to intervene does not preclude him from obtaining appellate review of the sale order.  We disagree with the contention.

Only a person who is a party of record in the lawsuit can appeal.  (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736; *Braun v. Brown* (1939) 13 Cal.2d 130, 133; *Butterfield v. Tietz* (1966) 247 Cal.App.2d 483, 484-485.)  A proposed intervenor who is unsuccessful in making herself or himself a party may not appeal from the judgment and appealable orders.  (*County of Alameda v. Carleson*, *supra*, 5 Cal.3d at  p. 736; *Braun v, Brown*, *supra*, 13 Cal.2d at pp. 133-134.)  Our Supreme Court has held, "[T]he only appeal open to an unsuccessful intervener is from the order denying his motion to intervene[.]"  (*Id*. at p. 133; accord *County of Alameda v. Carleson*, *supra*, 5 Cal.3d at p. 736.)  Here, Dr. Mirshojae raises no issue concerning the intervention issue.  Hence, any issue concerning the intervention motion ruling is forfeited.  (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4; *Johnston v. Board of Supervisors* (1947) 31 Cal.2d 66, 70 disapproved on another point in *Bailey v. County of Los Angeles* (1956) 46 Cal.2d 132, 139.)  As a result, none of his other contentions concerning the sale are properly before us.

At oral argument, Dr. Mirshojae argued that these order denying his writ petition stated that he could appeal under these circumstances.  However, as noted, what we

5

explained with clarity in our June 12, 2015 order is, "To the extent [Dr. Mirshojae] continues to believe his application to intervene was improperly denied, his remedy is to file a timely notice of appeal. (*Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1363.)" (*Mirshojae v. Superior Court*, *supra*, B264313.) But Dr. Mirshojae has not properly raised any issue in his briefs concerning the intervention question. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066.) Thus, because Dr. Mirshojae was not a party, he may not challenge the sale of the property or raise issues concerning the pending action notices.

## IV.  DISPOSITION

The judgment is affirmed. Plaintiff, Taimoor Bidari, shall recover his appeal costs from the unsuccessful intervenor, Hamid Mirshojae.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

BAKER, J.

6