[Civ. No. 11278. First Appellate District, Division Two.—November 27, 1940.]

WESLEY KING, Appellant, v. SAN JOSE PACIFIC BUILDING AND LOAN ASSOCIATION (a Corporation), Respondent.

Raymond Perry and Warren H. Pillsbury for Appellant.

Faber L. Johnston and Harold C. Holmes, Jr., for Respondent.

STURTEVANT, J.—The plaintiff has appealed from a judgment in favor of the defendant in an action pleading several counts as for money had and received. In support of his appeal he has brought up a bill of exceptions.

Each cause of action represented a claim of a different person and such claims were assigned to the plaintiff who sued thereon as assignee. Prior to July 1, 1931, the defendant was, and has continued to be, a building and loan association. Prior to that date it had obtained many depositors including all of said assignors. No one of the assignors was a stockholder. On February 1, 1932, the defendant ceased to pay withdrawals. During the year 1934 the assignors sold to third parties their certificates of deposit for about fifty cents on the dollar. Claiming that in refusing to pay withdrawals the defendant breached its contract, the plaintiff asserted that he was entitled to recover, as money had and received, the difference between the amount of the deposit claim of each of his assignors and the amount each of them received from his or her vendee.

Before we proceed to discuss the evidence it is necessary to consider the pleadings and findings. As stated above, the plaintiff's complaint alleged in each count a cause of action for money had and received. It also contained a formal allegation that plaintiff's assignors had fully performed. The defendant's answer contained some admissions, but denied many material allegations contained in plaintiff's complaint. The answer set up the statute of limitations. (Secs. 337, 338 and 343, Code Civ. Proc.) The findings, in effect, find that all the allegations of the plaintiff's complaint are untrue and all the allegations of defendant's answer are true. There are no other findings. The complaint was filed August 20, 1938.

■ As a written contract theretofore existed between each of the assignors and the defendant, the right of an assignor to sue on a common count was not unlimited. In *Castagnino* v. *Balletta*, 82 Cal. 250 [23 Pac. 127], at page 258, the court quotes with approval as follows: "1. So long as the contract continues *executory*, the plaintiff must declare specially; but when it has been *executed* on his part, and nothing remains but the payment of the price in money by the defendant, which is nothing more than the law would imply against him, the plaintiff may declare generally, using the common counts, or may declare specially on the original contract, at his election. If the mode of payment was any other than in money, the count must be on the original contract. And if it was to be in money, and a term of credit was allowed, the action, though on the common counts, must not be brought until the term of credit has expired. This election to sue upon the common counts, where there is a special agreement, applies only to cases where the contract has been fully performed by the plaintiff." ■ And in section 6.01 of the Building and Loan Act it is provided that each association must prescribe by its by-laws or prescribe in its contracts the period of intention to withdraw and that a notice of intention to withdraw must be in writing and served on the association. The record shows that said by-law was adopted, also that the contract specified in the statute was entered into. However, the record shows no written notice was given by any single one of the assignors. The plaintiff asserts that the defendant waived compliance with the requirement to give notice. (*Watson* v. *Stockton Morris Plan Co.*, 34 Cal. App. (2d) 393, 407 [93 Pac. (2d) 855].) That

case rested on the facts there involved. Here the trial court by its judgment, in effect held there was no waiver. Plaintiff quotes no part of the record showing that the court's implied finding is not sustained by the record. We find no evidence to the contrary. It follows such assignors never fully performed their contracts and the plaintiff did not prove a case which entitled him to a judgment on a common count as for moneys had and received. ■ Furthermore, on the trial it soon transpired that the plaintiff's assignors, had, as early as 1934, sold outright their certificates to third persons. All contractual obligations of the defendant in favor of said vendors arising out of said certificates passed by such sale from said assignors to said third parties. The regularity of the issuance of said certificates to plaintiff's assignors is not questioned. It is not claimed that the sales of said certificates or the certificates of membership have been rescinded. These additional facts show other reasons why the plaintiff was not entitled to recover on a count as for moneys had and received.

■ As will presently appear the plaintiff complains of certain wrongful acts committed by the defendant. Such wrongful acts constituted grounds for actions *ex delicto* but they were not contractual and in no manner supported a count *in indebitatus assumpsit*. Plaintiff's action, if any, should have been for damages. (12 Cal. Jur. 786; *Hallidie* v. *Enginger,* 175 Cal. 505, 509 [166 Pac. 1].) ■ Under these circumstances the present case is governed by the provisions of section 471 of the Code of Civil Procedure and the trial court did not err when it ordered a judgment for the defendant. There was a total failure of proof. (Code Civ. Proc., sec. 471; 21 Cal. Jur. 267 "Pleading", sec. 185.)

■ The briefs recite certain facts which the plaintiff claims tend to show the defendant wrongfully broke down its financial obligation to the plaintiff's assignors for the purpose of benefiting the stockholders of the defendant. (*Ralph A. Badger & Co.* v. *Fidelity Building & Loan Assn.,* 94 Utah, 97 [75 Pac. (2d) 669].) It is sufficient to state that the record in the present case does not present such questions. They were not pleaded, there are no findings on them, and they did not enter into the judgment. Nevertheless the plaintiff introduced evidence to establish the theory set forth in the case of *Ralph A. Badger & Co.* v. *Fidelity*

*Building & Loan Assn.*, *supra.* We have carefully read that evidence. If the trial court had made findings thereon such findings must necessarily have been adverse to the plaintiff. It follows the plaintiff was not prejudiced by the failure of the court to make findings thereon. (24 Cal. Jur. 994.)

Again the plaintiff makes many contentions to the effect that the defendant made borrowings not authorized by law from banks and made payments to the banks in violation of its obligations to its depositors. If those claims were well founded they should have been communicated to the building and loan commissioner, who, no doubt, would have caused proper proceedings to have been commenced against the defendant. (Sec. 13.11, Building and Loan Act.) But, as shown above, such matters are not before us and we express no opinion thereon.

We find no error in the record. The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1941.