Filed 2/26/13  Kenne v. Stennis CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| KATHLEEN A. KENNE, | B221752 |
| Plaintiff, Cross-defendant and Appellant, | (Los Angeles County Super. Ct. No. SC092747) |
| v. | |
| ZELMA R. STENNIS, | |
| Defendant, Cross-complainant and Appellant; | |
| KEVIN P. STENNIS, | |
| Defendant and Appellant. | |

APPEALS from a judgment of the Superior Court of Los Angeles County, Norman P. Tarle, Judge.  Affirmed.

Schomer Law, Scott Schomer; Law Office of Helaine Hatter and Helaine Hatter for Defendant, Cross-complainant and Appellant, and for Defendant and Appellant.

Law Office of Kathleen A. Kenne and Kathleen A. Kenne for Plaintiff, Cross-defendant and Appellant.

_____

## INTRODUCTION

Defendant and cross-complainant Zelma R. Stennis (Zelma) appeals from the portion of a judgment entered after a jury trial in favor of plaintiff and cross-defendant Kathleen A. Kenne (Kenne). Kenne appeals from the portions of the judgment in favor of Zelma and awarding attorney's fees and costs in favor of defendant Kevin P. Stennis (Kevin). Kevin also appeals from the judgment as to the award of attorney's fees and costs. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Kenne was an attorney and a personal friend of—and at one time romantically involved with—William Davis (Davis), a disbarred attorney. Davis was an old family friend of Zelma and her family, including her son, Kevin, who was a Deputy District Attorney for Los Angeles County. Kenne had been introduced to Kevin in 1997 when they were both law students.

In 2003, Zelma sued Cecil McNabb (McNabb) for money he owed her arising from his purchase of her restaurant chain, Golden Bird, Inc., and from his lease of two restaurant locations which belonged to Zelma. She also sought to evict McNabb from her commercial real property known as 12801 and 12815 South Central Avenue in Los Angeles (the Central Avenue property). Zelma was initially represented pro bono by the law firm of McKenna, Long & Aldrich, LLP. After a jury trial resulting in eviction of McNabb from Zelma's commercial property, the law firm discontinued representation. At the firm's suggestion, she engaged another attorney, Dwayne L. Abbot (Abbot), to assist her with the remaining matters in the litigation.

During Abbot's representation of Zelma, Davis suggested that Zelma let Abbot go and, instead, engage the services of Kenne. Davis made oral arrangements with Zelma to assist her, for a fee, in selling the Central Avenue property and to loan her money to enable her to pay Abbot. On May 4, 2004, Zelma engaged Kenne and signed two

2

retainer agreements with Kenne. The retainers were for Kenne's services in two lawsuits between Zelma and McNabb that were then pending. Zelma was 81 years old when she signed the retainers.

The retainers specified that Zelma agreed to pay Kenne attorney's fees at the rate of $250 per hour and to reimburse her for out-of-pocket costs and expenses. Each retainer stated that Zelma "agrees to pay all fees and expenses due upon the sale of [Zelma's] real property known as 12801-12815 South Central Avenue, Los Angeles, California 90059 . . . . In the unlikely event that [Zelma] is unable . . . to pay attorney fees from the sale of the Central Avenue property, [Zelma] shall . . . pay [Kenne] from other sources."

One retainer was for litigation entitled *Zelma R. Stennis v. Golden Bird, LLC, et al.*, Los Angeles County Superior Court Case No. 03Q01449, an unlawful detainer action to regain possession of the Central Avenue property. Judgment had already been entered in favor of Zelma against one of the two business entities in possession of the property, but postjudgment actions were needed to regain possession of the property.

After five unsuccessful attempts to obtain a writ of possession against the second business entity, the entity not named in the unlawful detainer judgment, Kenne filed three unlawful detainer actions in an effort to regain possession of the Central Avenue property from the second business entity.[1] In April 2005, after a five-day court trial, the court entered judgment in favor of Zelma and against the second business entity. By May 2005, Zelma had regained possession of the Central Avenue property.

The other retainer was for a case entitled *Credit Managers Association of California v. Golden Bird, LLC et al.*,[2] Los Angeles County Superior Court Case

---

[1] The additional unlawful detainer actions were each entitled *Zelma R. Stennis v. Golden Bird Franchise Company, LLC et al.* and were filed in Los Angeles County Superior Court as Case Nos. 04Q00982, 04Q01308, and 04Q02040.

[2] In the retainer agreement, the case was erroneously identified as *Cecil McNab[b], et al. v. Zelma R. Stennis, et al.*, Los Angeles County Superior Court Case No. BC291647.

No. BC291647. Zelma and her then-bankrupt corporation, Golden Bird, Inc., were named as cross-defendants in the case. Kenne represented both Zelma and the corporation. The action and its cross actions were dismissed after the parties reached a settlement agreement in March 2006.

Beginning in October 2006, Zelma stopped returning Kenne's telephone calls. Zelma had ceased working with Davis and had engaged a real estate brokerage firm to sell the Central Avenue property. Neither Zelma nor Kevin responded to Kenne's certified letter of October 20, 2006, requesting reasonable assurances of payment for outstanding legal fees and costs. They also did not respond to Kenne's certified demand letter of January 6, 2007, for payment of all outstanding fees and costs.

In early February 2007, Kenne learned that Zelma had entered into escrow for sale of the Central Avenue property. On February 13, Kenne filed the instant action against Zelma and Kevin for breach of contract, i.e., the retainer agreements, with damages in the sum of $363,692.02; for fraud, alleging, inter alia, promise without intent to perform; and for common counts for services rendered in the sum of $363,692.02. The next day Kenne recorded a lis pendens against 12801 South Central Avenue and another against 12815 South Central Avenue.

Kenne filed the operative first amended complaint on June 14, 2007. She alleged causes of action for breach of written contracts (first), breach of oral contracts (second), common counts (third), fraud (fourth), intentional interference with contractual relations (fifth) and intentional interference with prospective economic advantage (sixth).

In September 2007, Kenne and Zelma entered into a conditional settlement and release agreement, with a related escrow instructions addendum for close of escrow in October. The buyer then requested an escrow extension to a December date. Zelma signed an addendum to escrow instructions providing for the December closing date but did not submit it to the escrow officer.

Subsequently, the buyer for the Central Avenue property requested that close of escrow be extended for 75 days to a date in late December rather than for the October date provided in the settlement agreement. Zelma refused to agree to the proposed

4

extension to December. In October 2007, Kenne made an ex parte application and motion to enforce the conditional settlement agreement and to have judgment entered in her favor. The basis for these was that Zelma had breached the settlement agreement by not submitting her signed agreement to amend the closing date.

Zelma opposed the application. Among the reasons she gave in her opposing declaration was that she was willing to pay reasonable amounts to Kenne and Davis, but the amounts they had put in the settlement agreement were unreasonable. She also stated that Kenne and Davis told her that by signing the settlement agreement, "the entire lawsuit would be over for me and my son," but she had since learned that the settlement did not include Kevin. Further, she had no lawyer to review the papers and, at the meeting on the settlement agreement, Kenne and Davis had encouraged her to discharge her attorney, Michael F. Coley, on the basis he was inept and presented a letter discharging her attorney for her to sign. Zelma also stated that she was 85 years old, had high blood pressure and diabetes, and the lawsuit had caused stress and many health problems for her. She attached a corroborating letter from her doctor. Zelma's grandson also gave an opposing declaration. His declaration was consistent with Zelma's declaration.

The trial court denied Kenne's ex parte application and motion without prejudice in November, thereby allowing Kenne to renew them if escrow did not close in December. The court found that the settlement agreement was valid and enforceable. The court explained that Kenne had failed to show that the failure of the condition precedent, the close of escrow, was Zelma's fault, that is, that Zelma had breached the agreement.

Kenne renewed her application and motion on December 21, 2007. Her declaration stated that Zelma had signed an escrow amendment to extend the closing date to December 17 but had never submitted it to the escrow officer. After a continuance requested by Kenne, the trial court denied her renewed application and motion. The court stated that the settlement agreement required payment from escrow proceeds, but it was not consistent with the retainer agreements, which provided an alternative, that is, "in the

5

'unlikely event' that the property is not sold, the client must pay attorney fees from other sources."

Kenne moved for summary judgment or, in the alternative, summary adjudication. In March 2008, the trial court denied the motion on the ground triable issues of material fact remained as to each cause of action.

Kenne submitted a second renewal of her motion to enforce the conditional settlement agreement and enter judgment. In May 2008, the trial court denied the motion on the same ground as its denial of her previous renewed motion. The trial court granted Kenne's request for continuance of the trial date from August 11 to October 6, 2008.

On August 27, 2008, Kenne recorded a lis pendens against Zelma's condominium at 2369 South Beverly Glen Boulevard, Unit #105, Los Angeles. Kenne also recorded a lis pendens against real property Zelma owned at 1724 West Adams Boulevard, Los Angeles. Zelma and Kevin filed a motion to expunge these lis pendens plus the previously-recorded lis pendens on 12801 South Central Avenue. After a December 2008 hearing, the trial court granted the motion.

In the meantime, in July 2008, Zelma and Kevin filed an application for mandatory fee arbitration through the Los Angeles County Bar Association (LACBA). On September 1, 2008, the authorized LACBA official issued a decision that LACBA had jurisdiction, and that arbitration was mandatory. The official also found that Kenne had failed to give Kevin the statutorily required notice of the right to arbitrate fee disputes and, if she gave one to Zelma, it may not have been effective, given Kenne's statement in her lawsuit that Zelma was "'incapable of properly handling her legal and financial affairs.'" Kenne's request for reconsideration was denied.

On October 6, the date the trial in the case had been set to start, the court found that the action was stayed automatically, effective July 24, while the mandatory fee arbitration was pending (Bus. & Prof. Code, § 6201, subd. (c)). The court vacated the trial date. On March 12, 2009, the arbitration award was issued, requiring Zelma and Kevin to pay Kenne the sum of $39,414.22. Kenne promptly filed notice of termination

6

of the stay as of March 16 and her rejection of the award, and a request for trial to determine the amount of fees.

Zelma moved for leave to file a compulsory cross-complaint against Kenne for legal malpractice. The trial court granted the motion. Zelma filed the cross-complaint on May 13, 2009. She alleged causes of action for legal malpractice (first), breach of contract (second), fraud (third), breach of fiduciary duty (fourth) and negligent infliction of emotional distress (fifth). On June 24, she filed the operative first amended cross-complaint, adding a cause of action for slander of title (sixth).

In July 2009, Zelma and Kevin filed a motion for judgment on the pleadings and a motion to void the retainer agreements for failure to comply with Business and Professions Code section 6148. The trial court denied their motion.

Kenne filed a demurrer to the cross-complaint. As to the fifth cause of action for negligent infliction of emotional distress, the trial court sustained the demurrer without leave to amend. The court overruled Kenne's demurrer to the other causes of action. In overruling Kenne's demurrer to the sixth cause of action for slander of title, the court rejected Kenne's argument that the filing of a lis pendens is absolutely privileged under Civil Code section 47. The court denied Kenne's motion to strike portions of the cross-complaint, except that the court ordered lines 12 to 18 on page 4, regarding some aspects of the fee arbitration, to be stricken.

On August 24, 2009, Kenne filed a compulsory cross-cross-complaint for damages against Zelma, Kevin, Golden Age Bird Inc., Kevin Pierre Stennis, Jr., and Helaine Hatter. The complaint alleged 16 causes of action. In September, the trial court granted the motion by Zelma and Kevin to strike Kenne's entire cross-cross-complaint.

The jury trial on Kenne's complaint and Zelma's cross-complaint began on October 13, 2009. The jury reached a verdict on Kenne's complaint as follows:

On the breach of contract cause of action against Zelma, the jury found that Kenne and Zelma entered into a contract, but Kenne did not do all, or substantially all, of the significant things that the contract required her to do, and she was not excused from

7

having to do such things.  The jury did not find that Kenne suffered any damages based upon her contract with Zelma.

On the breach of contract cause of action against Kevin, the jury found that Kenne and Kevin did not enter into a contract.  There being no contract with Kevin, Kenne suffered no damages.

On the intentional misrepresentation and concealment causes of action against Zelma and Kevin, the jury found that neither Zelma nor Kevin made a false representation of an important fact to Kenne or intentionally failed to disclose an important fact that Kenne did not know and could not reasonably have discovered.  Kenne suffered no damages.

On the false promise cause of action against Zelma and Kevin, the jury found that Zelma made a promise to Kenne that was important to the transaction but she intended to perform the promise when she made it.  The jury found that Kevin did not make such a promise.  The jury found that Kenne did not suffer any damages.

On the intentional interference with contractual relations cause of action against Kevin, the jury found there was a contract between Kenne and Zelma, Kevin knew of the contract, Kevin intended to disrupt performance of the contract, his conduct either prevented performance or made performance more expensive or difficult, but his conduct was not a substantial factor in causing harm to Kenne.  The jury found that Kenne did not suffer any damages.

On the intentional interference with prospective economic relations cause of action against Kevin, the jury found there was an economic relationship between Kenne and Zelma that probably would have resulted in an economic benefit to Kenne, Kevin knew of the relationship, Kevin intended to disrupt the relationship, but he did not engage in wrongful conduct through interference with the economic relationship.  Again, Kenne did not suffer any damages.

On the common counts cause of action against Zelma for reasonable value of goods and services rendered, the jury found that Zelma requested that Kenne perform legal services for Zelma's benefit, Kenne did perform such legal services, Kenne

8

advanced litigation costs for Zelma's benefit, but Zelma had not paid Kenne for the legal services or litigation costs Kenne advanced. The jury determined that the reasonable value of the legal services Kenne provided was $176,901.03, and the reasonable value of the unpaid litigation costs advanced was $313.97.

On Kenne's common counts cause of action against Kevin for reasonable value of goods and services rendered, the jury found that Kevin requested that Kenne perform legal services for Zelma's benefit, Kevin requested that Kenne advance litigation costs for Zelma's benefit, but Kenne did not perform legal services or advance litigation costs for Kevin. The jury determined that Kenne was not entitled to recover any fees or costs from Kevin.

Finally, on Kenne's punitive damages claims against Zelma and Kevin, the jury determined that Zelma and Kevin did not engage in conduct with malice, oppression, or fraud. The jury also found that Kevin, as Zelma's agent, did not engage in conduct with malice, oppression or fraud.

On Zelma's cross-complaint against Kenne, the jury's verdict was as follows:

On Zelma's breach of contract cause of action, the jury found that Zelma and Kenne entered into a contract, Zelma did not do all, or substantially all, of the significant things that the contract required her to do, but Zelma was excused from doing so. All the conditions occurred that were required for Kenne's performance, but Kenne failed to do something that the contract required her to do. However, Zelma was not harmed by that failure and therefore had no damages.

On Zelma's legal malpractice cause of action, the jury found that Kenne did not commit professional negligence.

On Zelma's breach of fiduciary duty cause of action, the jury found that Kenne owed Zelma a fiduciary duty as her attorney, Kenne breached her fiduciary duty, Zelma was harmed as a result, and Kenne's conduct was a substantial factor in causing Zelma's harm. The jury determined that Kenne caused Zelma noneconomic loss, including physical pain and suffering, in the amount of $50,000.

9

On Zelma's fraud by concealment cause of action, the jury found that Kenne intentionally failed to disclose an important fact that Zelma did not know and could not reasonably have discovered, but Kenne did not intend to deceive Zelma by concealing the fact. Zelma suffered no damages.

On Zelma's slander of title cause of action, the jury found that Kenne published a communication, the lis pendens, but the publication was with privilege or justification. The jury found no damages.

The jury made the following damages awards as to all causes of action: (1) Kenne was awarded from Zelma damages in the amount of $177,215.00; (2) Kenne was awarded from Kevin damages in the amount of $0; (3) Zelma was awarded from Kenne damages in the amount of $50,000.00.

Based on the jury's verdicts, the trial court entered judgment on November 9, 2009 as follows: (1) On Kenne's complaint, judgment in favor of Kenne and against Zelma in the amount of $177,215.00, with interest, and costs in the sum of $4,231.79. (2) On Kenne's complaint, judgment in favor of Kevin and against Kenne, with Kevin to recover the amount of $40,855.32 for his attorney's fees and costs. (3) On Zelma's cross-complaint, judgment in favor of Zelma and against Kenne in the amount of $50,000.00.

On November 20, 2009, Kenne filed a motion for a partial judgment notwithstanding the verdict (JNOV) or, in the alternative, for a partial new trial. Kenne's JNOV sought a partial judgment in her favor as to the jury's award to Zelma for emotional distress in Zelma's breach of fiduciary duty claim. Kenne sought a partial new trial on Zelma's breach of fiduciary duty claim, based on the claimed erroneous modification of Kenne's jury instruction regarding a one-year statute of limitations for breach of fiduciary duty pursuant to Code of Civil Procedure section 340.6 and erroneous withdrawal of Kenne's special verdict form on her affirmative defense of the one-year statute.

On December 7, 2009, Zelma filed a motion for a partial JNOV with respect to the jury's verdict and damages awarded to Kenne on her common count cause of action, and a motion for a partial new trial on her slander of title cause of action.

After a hearing on January 7, 2010, the trial court denied both motions for a partial JNOV or, in the alternative, for a partial new trial. The court gave no explanation on the record or in writing for its rulings.

On January 13, the trial court heard argument on Zelma and Kevin's motion for attorney's fees, Kenne's motion to strike Kevin's memorandum of costs and Kenne's motion to strike Zelma's memorandum of costs. The court issued a tentative ruling but took the matter under submission.

On January 19, the trial court issued its final ruling on the three motions. The court ruled that Kenne was the prevailing party with regard to Zelma on the complaint and the cross-complaint, under Code of Civil Procedure section 1032, subdivision (a)(4). The court therefore granted Kenne's motion to tax all costs Zelma claimed. The court ruled that the fees and costs provisions of Code of Civil Procedure section 998 were not applicable because the July 2008 offer was not made in accordance with statutory procedure in subdivision (b)(2) of section 998.

The court found that Kevin was the prevailing party with regard to Kenne on her complaint under Code of Civil Procedure section 1032, subdivision (a)(4), and he had a unity of interest with Zelma, in that he was one of two jointly represented defendants presenting a unified defense. The court exercised its discretion to award costs to Kevin, given that he incurred no liability. The court granted Kenne's motion to tax Kevin's costs in part, but it awarded Kevin a total of $2,378.07 in costs other than attorney's fees. Under the mandatory fee arbitration statute, Business and Professions Code section 6204, Kevin was the prevailing party in regard to Kenne. The court apportioned attorney's fees between Kevin and Zelma using a lodestar method, based upon a thirty-five percent allocation of hours to Kevin. The court awarded attorney's fees to Kevin in the amount of $38,477.25.

11

## I. Zelma's Appeal

### A. *Kenne's Common Counts Cause of Action*

Zelma contends the trial court's denial of her motion for a JNOV and the judgment as to the common counts cause of action must be reversed for Kenne's failure to show the claim was not barred by the applicable two-year statute of limitations (Code Civ. Proc., § 339). Zelma also contends reversal is required due to Kenne's failure to prove an essential element of the cause of action, in that the jury found that she did not fully perform the services required under the retainer agreements. Zelma also claims that her obligation to pay Kenne was conditioned on the sale of the Central Avenue property, but they had not been sold.

We review the denial of a motion for a JNOV applying the same standard the trial court uses to make its determination. "'If the evidence is conflicting or if several reasonable inferences may be drawn, the motion for judgment notwithstanding the verdict should be denied. [Citations.] "A motion for judgment notwithstanding the verdict of a jury may properly be granted only if it appears from the evidence, viewed in the light most favorable to the party securing the verdict, that there is no substantial evidence to support the verdict. If there is any substantial evidence, or reasonable inferences to be drawn therefrom in support of the verdict, the motion should be denied." [Citation.]' [Citation.]" (*Wright v. City of Los Angeles* (1990) 219 Cal.App.3d 318, 343.) Just as the trial court, we cannot weigh the evidence or assess the credibility of witnesses. (*Ibid.*)

Where the facts are undisputed, however, we review the application of the law to the facts de novo. (*Crocker National Bank v. City and County of San Francisco* (1989) 49 Cal.3d 881, 888.) Likewise, we independently review the interpretation of a statute (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432) and the interpretation of a contract (*Citizens for Goleta Valley v. HT Santa Barbara* (2004) 117 Cal.App.4th 1073, 1076). If an issue """"requires us to consider legal concepts in the mix

of fact and law and to exercise judgment about the values that animate legal principles,'"'"' then "it is a question of law subject to independent review." (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 801.)

"A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." (4 Witkin, Cal. Proc. (5th ed. 2008) Pleading, § 554, p. 682; see *Parker v. Solomon* (1959) 171 Cal.App.2d 125, 137.) "The only essential allegations of a common count are '(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment.' [Citation.]" (*Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445, 460.) These elements apply whether they are based upon an express contract, a contract implied in fact, or a quasi-contract. (4 Witkin, *supra*, § 554 at p. 682.) A common counts claim can be based upon performance by one party pursuant to a void contract or an express contract. (*Utility Audit Co., Inc. v. City of Los Angeles* (2003) 112 Cal.App.4th 950, 958; see *Schultz v. Harney* (1994) 27 Cal.App.4th 1611, 1623.) To recover on a common counts claim for the reasonable value of services rendered, "a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." (*Ochs v. PacifiCare of California* (2004) 115 Cal.App.4th 782, 794.)

### 1. Statute of Limitations on Common Counts.

There is no merit to Zelma's claim that the judgment must be reversed, in that Kenne failed to offer evidence that the common counts claim's two-year statute of limitations (Code Civ. Proc., § 339) did not bar the cause of action. We note that Kenne asserted in her verified complaint that she advanced all costs and expenses "in order to fully perform all duties pursuant to her agreement with defendants, from February 23, 2004 to April 1, 2006." Kenne filed her complaint on February 13, 2007. The two-year statute of limitations in Code of Civil Procedure section 339 began running the last day

13

services were rendered. (Cf. *Steiner v. Parker* (1959) 169 Cal.App.2d 22, 25.) Kenne filed her complaint well within the two-year limitations period.

Zelma apparently is attempting to assert that Kevin's payments to Kenne "in the summer of 2004" and his refusal to make any further payment started the limitations period running. But she cites no supporting legal authority and does not provide a cite to the record for the facts asserted. In any event, when Kevin paid for any of the services is irrelevant.

Zelma's arguments are not intelligible to the extent they mix contract with common count assertions. For example, Zelma states that "there <u>has</u> to be a writing for the SPECIFIC amount of $177, 215 if the common count was based on a contract." She cites no legal authority supporting the statement.

The cases Zelma cites do not support her argument and are readily distinguishable on their facts. The issue in *Evans v. Zeigler* (1949) 91 Cal.App.2d 226 at page 230, as well as in *Miller v. Brown* (1951) 107 Cal.App.2d 304 at pages 306 and 307, was the circumstances under which a common count cause of action is demurrable; that is not the issue in the instant case. In *Parker v. Solomon*, *supra*, 171 Cal.App.2d 125, the court expressly stated that it was not discussing or deciding whether the statute of limitations barred a quantum meruit cause of action. (*Id.* at p. 137.) The issue was whether the plaintiff had properly alleged a cause of action based upon quantum meruit, and the court concluded that the plaintiff had not done so, in that the plaintiff did not claim the right to recover the reasonable value of services rendered. (*Id.* at pp. 134-137.)

### 2. Lack of Full Performance of Agreements

Zelma contends that Kenne failed to prove an essential element of her common counts cause of action, in that the jury found that Kenne did not do all, or substantially all, of the significant things that the retainer agreements required her to do and she was not excused from having to perform those things.

Zelma relies on *King v. San Jose Pacific Bldg. & Loan Asso.* (1940) 41 Cal.App.2d 705, which states that the "'election to sue upon the common counts, where

14

there is a special agreement, applies only to cases where the contract has been fully performed by the plaintiff.'" (*Id.* at p. 707.) In *Ferro v. Citizens Nat'l Trust & Sav. Bank* (1955) 44 Cal.2d 401, the Supreme Court acknowledged the general rule that a common count "'will not lie *to enforce an express contract*,'" but the general rule "does not apply if the plaintiff owes no further performance under the contract and nothing remains to be done thereunder except the payment of money by the defendant." (*Id.* at p. 409, italics added.) Similarly, in *Barrere v. Somps* (1896) 113 Cal. 97, the court held that if an express contract is open and unexecuted and not rescinded by mutual consent, then a common counts claim is improper. (*Id.* at p. 101.)

As Zelma asserts, on Kenne's breach of contract claim, the jury found that she did not perform all of the significant things required by the contract. Under *King* and *Ferro*, the result would be that Kenne could not plead a common counts claim on the basis that she was entitled to compensation as expressed in the contract.[3] There is a distinction, however, between Kenne's breach of contract claim and her common counts claim for services rendered and materials furnished. Under the common counts claim, Kenne alleges the right to recover only the reasonable value of the services and materials, which may not be the same as the contract price. (*Ochs v. PacifiCare of California*, *supra*, 115 Cal.App.4th at p. 794; see also 4 Witkin, Cal. Proc., *supra*, Pleading, § 554, at p. 682.) In this case, the jury disagreed with Kenne that the reasonable value was an amount equal to the contract price and, instead, determined that the reasonable value was $177,215.00. Kenne's recovery of this amount is not barred by the jury's finding on her breach of contract cause of action.

---

[3] Kenne argues in her reply brief that she did fully perform the contract. However, she did not appeal from the portion of the judgment based on the jury's verdict that she did not fully perform and was not entitled to damages for breach of contract. Therefore, Kenne has forfeited any claim to the contrary on appeal. (See *Unilogic, Inc.* v. *Burroughs Corp.* (1992) 10 Cal.App.4th 612, 625; *Eskaton Monterey Hospital* v. *Myers* (1982) 134 Cal.App.3d 788, 790, fn. 1.)

15

### 3. Condition Precedent to Obligation To Pay

There is no merit to Zelma's contention that the jury verdict on the common counts claim was in error, in that her contractual obligation to pay Kenne was subject to a condition precedent, namely, the sale of the Central Avenue property. Zelma argues that Kenne was not entitled to recover fees for the legal services she provided, in that the condition precedent had never occurred and the contract provision had never been rescinded.

In support of her contention, Zelma quotes from the retainer agreements as follows: "Client agrees that Attorney shall be paid directly from escrow proceeds of said sale . . . ." Zelma ignores a provision appearing two sentences further, which states as follows: "In the unlikely event that Client is unable, for any reason, to pay attorney fees from the sale of the Central Avenue properties, Client shall make necessary arrangements to pay Attorney from other sources."

We interpret the agreements according to the ordinary and popular meaning of their words. (Civ. Code, § 1644; *Biancalana v. Fleming* (1996) 45 Cal.App.4th 698, 702.) We construe an agreement as a whole. (*Citizens for Goleta Valley v. HT Santa Barbara*, *supra*, 117 Cal.App.4th at p. 1077.) Construing the provision on which Zelma relies together with the following sentence, we conclude Zelma's obligation to pay Kenne was not conditioned upon the sale of the Central Avenue property.[4]

### B. *Slander of Title*

Zelma's cause of action for slander of title alleged that, on February 14, 2007, Kenne "maliciously recorded lis pendens" on Zelma's Central Avenue property. Zelma

---

[4]     In Zelma's reply brief, she presents a lengthy argument that the equitable defense of unclean hands precluded Kenne from recovering on her common counts claim. Zelma did not raise this contention in her opening brief. We "will not consider points raised for the first time in a reply brief for the obvious reason that opposing counsel has not been given the opportunity to address those points." (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500.)

16

contends instructional error requires reversal of the judgment in Kenne's favor on this cause of action.

The elements of a cause of action for slander of title are as follows: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." (*Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040, 1050-1051.) The litigation privilege, as set forth in Civil Code section 47, subdivision (b)(4), "only provides protection if the lis pendens 'identifies an action previously filed with a court of competent jurisdiction which affects the title or right of possession of real property, as authorized or required by law.'" (*Manhattan Loft, LLC*, *supra*, at p. 1057.)

Here, the jury received a special instruction the day before the verdict was rendered, which was offered by Kenne on privilege to file a lis pendens. The special instruction was entitled "Privilege and Justification — Affirmative Defense." According to the instruction, Zelma could not recover damages from Kenne for slander of title unless Zelma proved that, at the time Kenne recorded the lis pendens, "she was acting without privilege or justification, or she was not acting with a belief that what she was doing was proper."[5] The authority Kenne cites, *Gudger v. Manton* (1943) 21 Cal.2d 537, disapproved on other grounds in *Albertson v. Raboff* (1956) 46 Cal.2d 375, 381, supports the propriety of the instruction. The *Gudger* court held that, to recover damages for slander of title, the publication which disparages title to real property must have been made without privilege or without justification. (*Gudger*, *supra*, at p. 543.)

An appellant has the affirmative burden on appeal of demonstrating that the judgment is infected by prejudicial error. (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971; *Mohn v. Kohlruss* (1987) 196 Cal.App.3d 595,

---

[5]    The jury instruction given with respect to the elements of slander of title stated in part: "To prove slander of title, Zelma [] must prove all of the following: [¶] (1) . . . Kenne published a communication, in this case a lis pendens, [¶] (2) The lis pendens was without privilege or justification, [¶] (3) The information on the lis pendens was false, [¶] (4) The lis pendens caused direct and immediate pecuniary loss."

17

598.) She must "convince the court, by stating the law and calling relevant portions of the record to the court's attention, that the [judgment] contained reversible error." (*Culbertson v. R. D. Werner Co., Inc.* (1987) 190 Cal.App.3d 704, 710.)

Zelma provides no reference to the standard of review on appeal for such an issue. Instructional error is not a basis for reversal unless it is impermissibly prejudicial to the challenging party. (*Green v. State of California* (2007) 42 Cal.4th 254, 267.) The record shows that the instruction given for the elements of Zelma's slander of title cause of action contains a similar statement, i.e., that Zelma was required to show that Kenne recorded the lis pendens without privilege or justification. Zelma makes no argument or showing that any difference in Kenne's instruction was impermissibly prejudicial or contrary to applicable law.

Zelma claims the instruction should not have been submitted to the jury, in that the trial court had previously ruled that Kenne's recording of the lis pendens was not privileged. Zelma does not provide a record citation for the ruling or for the objections she purportedly made to use of the instruction. She does not cite authority supporting her claim. Again, she has failed to meet her burden of showing prejudicial error. (*Fundamental Investment etc. Realty Fund v. Gradow*, *supra*, 28 Cal.App.4th at p. 971; *Mohn v. Kohlruss*, *supra*, 196 Cal.App.3d at p. 598.)

We noted the trial court's ruling on Zelma's prior expungement motion, however, in the factual background provided *ante* in this opinion. The motion applied to one of the lis pendens at issue in Zelma's cause of action, the one Kenne recorded regarding 12815 South Central Avenue.[6] The trial court ruled that the lis pendens was not authorized by law. The authority cited by the trial court was *Campbell v. Superior Court* (2005) 132 Cal.App.4th 904. The court found that the plaintiff's claim was "not dependent upon the

---

[6] We are not aware of the reason the expungement motion did not also include the lis pendens on 12801 South Central Avenue, which Kenne recorded on the same date as the lis pendens on 12815 South Central Avenue. There is no apparent reason, however, that the ruling on the omitted lis pendens would differ from the court's ruling on the three other lis pendens.

18

uniqueness of the defendant's property in the underlying suit," and the plaintiff would be fully compensated for his damages by a money judgment. (*Id.* at p. 919.) The court found that the plaintiff's recording of a lis pendens was not because the lawsuit affected title to specific real property (Code Civ. Proc., § 405.4), but rather for the purpose of securing a claim for money damages. (*Campbell*, *supra*, at p. 919..) The *Campbell* court stated that "to allow a party to record a lis pendens in a case in which the party seeks only 'to freeze the real property as a res from which to satisfy a money judgment' [citation], is not consistent with the history and purpose of the lis pendens statutes." (*Id.* at pp. 918-919.) The court did not address the issue of privilege.

We have been cited to nothing in the record that shows that Zelma raised the issue, before or during trial, of the trial court's previous ruling that Kenne's filing of the lis pendens was not privileged. In the absence of adequate briefing, we decline to consider the issue. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 ["It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. . . . If no citation 'is furnished on a particular point, the court may treat it as [forfeited].'"].) In the instant appeal, therefore, we deem the issue of instructional error to have been forfeited.

## C. *Awards of Costs and Prejudgment Interest to Kenne*

Zelma challenges the trial court's awards of costs and prejudgment interest to Kenne. Zelma contends that Kenne was not entitled to costs under Code of Civil Procedure section 998, in that her section 998 offer to Zelma was $349,000, but she recovered only $177,000. Also, Zelma asserts, under the mandatory fee arbitration statutes (Bus. & Prof. Code, § 6204), Kenne was entitled only to costs from the date of arbitration. Therefore, the trial court's award of costs and prejudgment interest from the beginning of the lawsuit must be reversed. Zelma also claims that Kenne filed her motion to strike Zelma's memorandum of costs late and, therefore, Zelma and Kevin were entitled to award of their costs as a matter of law.

19

As Zelma points out, in general any post-judgment order awarding or denying attorney fees or costs is appealable. (*People v. Bhakta* (2008) 162 Cal.App.4th 973, 981.) This principle does not support her claims of error, however. In support of those claims, Zelma presents only conclusory statements, and she does not cite supporting legal authority and explain how it applies to the facts to reach those conclusions. We are "'not required to make an independent, unassisted study of the record in search of error,'" develop an appellant's argument for her or otherwise act as counsel for her. (*Guthrey v. State of California*, *supra*, 63 Cal.App.4th at p. 1115.) We may summarily reject an appellant's contention for failure to provide adequate briefing. (*Id.* at p. 1116.) We reject Zelma's contentions regarding costs on that basis.

On the same basis, we reject Zelma's remaining contentions. Zelma claims that Kenne violated Code of Civil Procedure section 464, subdivision (a), by filing a second lawsuit (*Kenne v. Stennis* (Super. Ct. L.A. County, No. SC100219)) from which an appeal has been taken and is now pending in appeal No. B234919, while the instant case was not yet final. She claims the trial court erred in allowing Kenne to put into evidence in the instant case material that pertains to the second lawsuit. Zelma does not cite to the record showing that she raised the issue below or explain how it relates to the judgment in the instant case. Lastly, in one caption and one sentence, and without supporting authority, Zelma presents, for the second time, a contention that the judgment on Kenne's common counts cause of action must be reversed because Kenne failed to perform her contractual duties and breached her fiduciary duties to Zelma.

## II. Kenne's Appeal

### A. *Noneconomic Damages Award for Breach of Fiduciary Duty*

On appeal, Kenne contends the trial court's denial of her JNOV motion and the judgment as to Zelma's cause of action for breach of fiduciary duty must be reversed. Kenne contends Zelma's cause of action was barred by the one-year statute of limitations (Code Civ. Proc., § 340.6). She also asserts that reversal is required on the basis of the

20

trial court's error in a jury instruction and the special verdict form on the statute of limitations issue; impropriety of emotional distress damages; lack of actual damages caused by the alleged breach of fiduciary duty; and testimony by Zelma's experts that lacked a proper foundation.

### 1. Damages for Breach of Fiduciary Duty

Kenne contends there can be no liability for breach of fiduciary duty if the breach did not result in actual damages. "The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, breach of fiduciary duty, and damages." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820; accord, *Charnay v. Cobert* (2006) 145 Cal.App.4th 170, 182.) Kenne claims that applicable law does not permit the award of damages for emotional distress for breach of fiduciary duty, and those were the only damages awarded.

Kenne primarily relies on *Shopoff & Cavallo LLP v. Hyon* (2008) 167 Cal.App.4th 1489, which states: "Our high court has repeatedly stressed, '"The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence. . . ." [Citation.]' [Citations.] '"Hence, until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for *malpractice*." [Citation.]' [Citations.]" (*Id.* at p. 1510, italics omitted and added.) There is a distinction, however, between malpractice due to negligence and the intentionality component of Kenne's breach of her fiduciary duty to Zelma.

Kenne fails to recognize that there was no award attributed to emotional distress. The jury awarded Zelma $50,000 for "noneconomic loss, including physical pain and mental suffering" for Kenne's breach of fiduciary duties. Kenne claims that emotional distress damages are improper for a breach of fiduciary duty. She does not make any reference, however, to the distinction between damages for emotional distress and noneconomic damages, which may include pain and suffering.

21

The jury did not expressly award the damages solely on the basis of pain and suffering.  Even if that were the case, California courts have recognized that such damages encompass a much broader range of effects on the individual than damages for emotional distress.  "In general, courts have not attempted to draw distinctions between the elements of 'pain' on the one hand, and 'suffering' on the other; rather, the unitary concept of 'pain and suffering' has served as a convenient label under which a plaintiff may recover not only for physical pain but for fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, apprehension, terror or ordeal.  [Citations.]  Admittedly these terms refer to subjective states, representing a detriment which can be translated into monetary loss only with great difficulty. [Citations.]  But the detriment, nevertheless, is a genuine one that requires compensation [citations], and the issue generally must be resolved by the 'impartial conscience and judgment of jurors who may be expected to act reasonably, intelligently and in harmony with the evidence.'  [Citations.]"  (*Capelouto v. Kaiser Foundation Hospitals* (1972) 7 Cal.3d 889, 892-893, fn. omitted.)

The intentional or affirmative misconduct underlying an attorney's breach of fiduciary duty arising out of his or her prior relationship with his or her client provides a point of distinction from emotional distress caused by negligence on which Kenne bases her argument.  (*Holliday v. Jones* (1989) 215 Cal.App.3d 102, 112.)  Historically, "'California courts have limited emotional suffering damages to cases involving either physical impact and injury to plaintiff or *intentional wrongdoing* by defendant.'"  (*Smith v. Superior Court* (1992) 10 Cal.App.4th 1033, 1037, italics added.)  More recent decisions have established that "[d]amages for *mental suffering* may now be recovered in the absence of either physical injury or impact."  (*Id.* at pp. 1037-1038, italics added.)  "'Damages for emotional suffering are allowed when the tortfeasor's conduct, although negligent as a matter of law, contains elements of intentional malfeasance or bad faith.' [Citation.]  [¶]  Recovery of emotional distress damages has been allowed, absent impact or physical injury, in certain specialized classes of cases. . . .  [Citations.]  Recovery has also been allowed when the negligence arises in a situation involving breach of fiduciary

22

or quasi-fiduciary duties, as in bad faith refusal to pay insurance proceeds. [Citations.]" (*Branch v. Homefed Bank* (1992) 6 Cal.App.4th 793, 800.) Thus, there is no impropriety in an award of noneconomic damages for breach of fiduciary duty.

### 2. Statute of Limitations

Kenne contends that Zelma's breach of fiduciary duty cause of action was barred by the one-year statute of limitations set forth in Code of Civil Procedure section 340.6. She also asserts that reversal is required due to the trial court's error in a jury instruction and the special verdict form on the statute of limitations issue.

Code of Civil Procedure section 340.6, subdivision (a), provides: "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first."

Kenne asserts that she filed this action in February 2007. Zelma filed an answer in April 2008. The answer set forth affirmative defenses which Zelma then alleged as her causes of action in her cross-complaint filed more than one year later in May 2009. Kenne then draws the mistaken legal conclusion that, therefore, Zelma's cause of action for breach of fiduciary duty was barred by the one-year statute of limitations in Code of Civil Procedure section 340.6, subdivision (a).

As Zelma correctly points out, her cross-complaint is not time-barred because, by law, it relates back to the date Kenne filed the complaint, February 13, 2007. (*Luna Records Corp., Inc. v. Alvarado* (1991) 232 Cal.App.3d 1023, 1026-1027.) For this reason, there is also no merit to Kenne's claim that the trial court erred in changing a date on a jury instruction and in refusing Kenne's special verdict form on the one-year statute

23

of limitations at issue. The trial court simply corrected the date on the jury instruction to be consistent with applicable law.**7**

### 3. Expert Testimony and Instructional Error

Kenne claims that the testimony of Zelma's experts, David Parker and Gerald Phillips, was improper and lacked the proper foundation. She also claims that Zelma submitted numerous improper jury instructions concerning the Rules of Professional Conduct applicable to attorneys. Kenne does not cite or discuss supporting authority for her conclusory statement. Kenne concludes that, "[d]espite[] the experts' improper testimony and other trial irregularities there were no findings by the jury of legal malpractice" or of actual economic damages. She presents no cogent argument that she was impermissibly prejudiced by the irregularities. She therefore has failed to meet her burden on appeal. (*Fundamental Investment etc. Realty Fund v. Gradow*, *supra*, 28 Cal.App.4th at p. 971; *Mohn v. Kohlruss*, *supra*, 196 Cal.App.3d at p. 598; see also *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 579-580 [where evidentiary or instructional errors do not result in harm or prejudice to the person challenging them on appeal, they do not provide a basis for reversing any part of the judgment].)

### B. *Absence of Damages for Zelma's Causes of Action*

Kenne contends she was entitled to a directed verdict as to all of Zelma's causes of action, in that there was a total lack of damages suffered by Zelma. As Kenne points out,

---

**7** The instruction, as modified by the trial court, read that Kenne had to prove "that before <u>February 13, 2006</u>, Zelma [] knew, or with reasonable diligence should have discovered, the facts of [] Kenne's alleged wrongful act or omission." (Emphasis added.) Kenne's special verdict form on her one-year statute of limitations affirmative defense incorrectly set the date that Zelma knew or should have discovered the alleged wrongful conduct as "before May 13, 2008." The trial court properly rejected it, in that the filing of the complaint tolled the statute as to the claim in the cross-complaint. (*Luna Records Corp., Inc. v. Alvarado*, *supra*, 232 Cal.App.3d at pp. 1026-1027.)

"[u]ncertainty as to the fact of damage negatives the existence of a cause of action." (*Shopoff & Cavallo LLP v. Hyon*, *supra*, 167 Cal.App.4th at p. 1510.)

Kenne states that, at the close of evidence, she made an oral motion for a directed verdict on all of Zelma's causes of action alleged in the first amended cross-complaint on the basis that Zelma failed to establish any damages. She provides no citation to the record identifying her motion or its content or the trial court's response. Although Kenne explains why the facts show that Zelma had no economic damages, Kenne does not cite to any evidence in the record demonstrating the existence of these facts. She presents no argument or legal basis to show any impropriety in the trial court's denial of her oral motion and allowing the issue of damages for each of Zelma's causes of action to go to the jury. In light of her failure to present a cogent argument, supported by citation to facts in the record and by analysis of relevant legal authority, we may treat the issue as forfeited and pass it without consideration. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *Guthrey v. State of California*, *supra*, 63 Cal.App.4th at pp. 1115-1116.)

In any event, Kenne's contention is not supported by the record, in that the jury found that Zelma was entitled to damages, albeit noneconomic damages, for Kenne's breach of her fiduciary duties to Zelma. On Zelma's remaining causes of action, the jury agreed with Kenne that Zelma had not proven damages and the jury ruled in favor of Kenne.

### C. *Attorney's Fees Award to Kevin*

Kenne contends the trial court erred in awarding attorney's fees and costs to Kevin. Kenne asserts that (1) the trial court erred in relying on Business and Professions Code section 6204, subdivision (d), as the basis for the fee award; (2) there was no legal basis for the award; (3) Kevin was not a prevailing party under Business and Professions Code section 6204, subdivision (d); (4) Kenne was the prevailing party based upon the greater dollar amount awarded to her under the judgment and based upon Kenne's achievement of her litigation objectives against Kevin and Zelma, given their unity of interest; and (5) the amount awarded to Kevin was unreasonable.

Kenne's opening cross-appellant's brief devotes 20 pages to this issue. She provides relevant legal authority concerning the appealability of a post-judgment attorney's fees order and the standards of review applicable to the issues raised. She makes conclusory statements that Kevin was not entitled to attorney's fees and costs under Business and Professions Code section 6204, subdivision (d), or under Code of Civil Procedure sections 1032 and 1033.5. Otherwise, in her argument, she cites no legal authority and makes no attempt to support her conclusory statements by discussing the application of relevant legal authority to the facts.

Kenne's failure to support her contention with reasoned argument and citations to authority justifies forfeiture of her claim. (*People v. Stanley*, *supra*, 10 Cal.4th at p. 793; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.) In any event, even if we did consider Kenne's contentions, we would affirm the attorney's fees award to Kevin. Kenne primarily maintains that she, rather than Kevin, is the prevailing party under Business and Professions Code section 6204, subdivision (d), of the Mandatory Fee Arbitration Act (Bus. & Prof. Code, § 6201), as well as under Code of Civil Procedure sections 1032 and 1033.5. She is mistaken.

The jury exonerated Kevin on all causes of action Kenne brought against him. She brought two causes of action, breach of oral contracts and common counts, against him as well as Zelma to recover the attorney's fees and costs to which she alleged she was entitled. Kenne sought damages from Kevin and Zelma for fraud and from Kevin only for intentional interference with contractual relations and intentional interference with prospective economic advantage.

After Kenne filed suit against Kevin, but prior to submission of the causes of action to the jury, Kevin, as well as Zelma, requested and completed mandatory fee arbitration. The arbitrator found that Kevin was a non-client who had the right to receive a notice of client's right to arbitrate (Bus. & Prof. Code, § 6201, subd. (a)), in that he would be Zelma's heir and, according to Kenne, would be bound to pay on the retainer agreements in the event of Zelma's death. The arbitrator's award was in favor of Kenne and against Kevin and Zelma in the amount of $39,414.22. The jury later found that

26

Kevin was not liable to Kenne for the fees. Thus Kenne recovered no part of the fees from Kevin.

In ruling on Kevin's post-trial motion for attorney's fees, the trial court found that, as between Kevin and Kenne, for purposes of Business and Professions Code section 6204, subdivision (d), Kevin was the prevailing party and was entitled to attorney's fees and costs pursuant to that statute. Interpretation of the statute based upon its plain language leads us to the conclusion that section 6204, subdivision (d), is the proper basis for a statutory fees and costs award to Kevin. (See *Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.)

As the fee arbitrator ruled, Kevin was entitled to be a party to the arbitration. Therefore, the trial court properly based its ruling on Business and Professions Code section 6204, subdivision (d), which provides: "The party seeking a trial after arbitration shall be the prevailing party if that party obtains a judgment more favorable than that provided by the arbitration award, and in all other cases the other party shall be the prevailing party." Here the judgment was not that Kevin would be required to pay thousands of dollars to Kenne for the attorney's fees she was suing for, but rather, that Kevin would pay nothing to Kenne. The judgment was more favorable to Kevin than the arbitration award was and, accordingly, as to recovery from Kevin, the judgment was less favorable to Kenne than the arbitration award. Therefore, based upon our interpretation of the plain language of section 6204, subdivision (d) (*McNairy v. C.K. Realty* (2007) 150 Cal.App.4th 1500, 1506), Kevin was the prevailing party.

Under Business and Professions Code section 6204, subdivision (d), "[t]he prevailing party may, in the discretion of the court, be entitled to an allowance for reasonable attorney's fees and costs incurred in the trial after arbitration, which allowance shall be fixed by the court." Here, the trial court used the commonly-applied lodestar figure method and determined the amount of a reasonable fee award to be $38,477.25. (*EnPalm, LLC v. Teitler* (2008) 162 Cal.App.4th 770, 774.) We will affirm a trial court's determination of a reasonable attorney's fees award unless there has been a manifest abuse of discretion, that is, unless we are convinced that the award is clearly

27

wrong. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) We see no manifest abuse of discretion in the trial court's determination.

### III. Kevin's Appeal

Kevin asserts that we should increase his attorney's fees and costs award because his portion of the litigation was 60 percent and Zelma's was 40 percent. Kevin presents only a caption, one sentence and citation to his attorney's argument at trial. Without cogent argument based upon legal authority, we need not and do not consider this issue Kevin raises. (*Guthrey v. State of California*, *supra*, 63 Cal.App.4th at pp. 1115-1116.)

As we noted previously, however, the record shows that the trial court employed a reasonable method for setting the amount of Kevin's attorney's fees award and considered the information provided by Kevin's two attorneys in arriving at the amount. We cannot say that the amount is ""clearly wrong"" or is a "'manifest abuse of discretion,'" and therefore, we would have no basis to change the award. (*PLCM Group, Inc. v. Drexler*, *supra*, 22 Cal.4th at p. 1095.)

### IV. Kenne's Motions to Dismiss the Appeals

On September 24, 2012, Kenne filed motions to dismiss Zelma's appeal No. B221752 (filed January 20, 2010) and the subsequently-filed appeal No. B241793 (filed June 11, 2012), together with a request for monetary sanctions in an amount not less than $50,000, and her costs on appeal.[8] Both appeals arise out of the same lower

---

[8] Kenne and Zelma have both briefed the issues in the motions to dismiss. Zelma filed a brief in opposition to Kenne's motions just after its October 9, 2012 due date. On October 11, 2012, we issued an order granting leave to file the opposition which Zelma and Kevin submitted. The order also provided that we "shall disregard defendants' opposition to the motion for sanctions. (Calif. Rules of Court, rule 8.276(d).)" Kenne filed a reply brief to the opposition brief.

court proceeding, Los Angeles Superior Court Case No. SC092747. For the reasons discussed more fully below, in this opinion, we deny Kenne's motion to dismiss the instant appeal. In our separate proceedings on appeal No. B241793, we will issue an order on Kenne's motion with respect to that appeal.

Kenne presents her motions as if the two appeals are being considered together. They are not. The two appeals are separate; they have not been consolidated. For this reason, as necessary for clarity, we will refer to appeal No. B241793 and the facts Kenne alleges that are relevant to that appeal as part of our consideration of Kenne's claims regarding the instant appeal.

Kenne bases her motions on two orders by the trial court and related orders issued by the presiding justice of this division in appeal No. B241793, all having occurred well after the notice of appeal was filed for the instant appeal. The following procedural history chronicles Zelma's noncompliance with court orders issued during Kenne's post-judgment efforts to obtain discovery in order to enforce her judgment.

In March 2012, Kenne propounded post-judgment special interrogatories and a demand for production of documents, as permitted by Code of Civil Procedure sections 708.020 and 708.030 for a party to use in order to enforce the judgment the party obtained against the judgment debtor. When Zelma failed to respond, Kenne filed a motion to compel. On May 30, the trial court granted the motion and imposed discovery sanctions against Zelma. Just when the responses were due, Zelma filed appeal No. B241793 from the orders and requested a stay of the orders pending the appeal. We treated the appeal as a petition for a writ of supersedeas with a motion to stay. The next day we issued a temporary stay pending further action by this court.

As we requested, Kenne filed a response to the petition and Zelma filed a reply to the response. One of the issues was the effect of the trial court's failure to require Zelma to post an undertaking. Shortly thereafter, Zelma filed a request to convert the appeal to a petition for a writ of mandate or prohibition. In late July, we denied Zelma's request to convert the appeal and requested the parties to submit letter briefs on the undertaking issue. After considering the letter briefs, we informed the parties we would decide the

29

issue later in the main appeal. We also issued an order that the temporary stay we had granted in June would remain in force, but that it would be vacated if the trial court requires Zelma to post an undertaking and she does not do so.

On August 31, the trial court ordered Zelma to post an undertaking in the amount of $490,000 on or before September 10, 2012. Zelma responded by filing a second petition for a writ of supersedeas with this court. She did not post the undertaking. On September 13, we vacated the temporary stay of the discovery orders for that reason.

Four days later, Zelma's attorney gave Kenne notice that she would forward the discovery responses to Kenne the next day. Kenne received the responses on September 20. She filed the motions to dismiss on October 1, 2012.

## A. *Moot Appeal*

Kenne claims in her motion to dismiss that appeal No. B241793 "is now moot." As she states, if an appeal becomes moot, it is subject to dismissal on respondent's motion or by the appellate court sua sponte. (*City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 479-480.) Consideration of the mootness of appeal No. B241793 is not within the scope of the appeal in the instant case, however.[9]

---

[9] Kenne claims that appeal No. B241793 is moot, in that after we vacated the temporary stay, Zelma complied with the discovery order by submitting responses on September 20, 2012, although her responses were not complete and truthful as the trial court had ordered. Kenne attached copies of the responses as exhibits to her motions to dismiss.

Zelma claims that the post-judgment appeal is not moot, in that her petition for a writ of mandate is still pending in the appeal. The writ "challenges the August 31, 2012 order requiring a $490,000 excessive discretionary undertaking to stay an appeal in case number B241793 pursuant to Code of Civil Procedure section 917.9, subdivision (a)(2) for a post judgment 'order' challenging the granting of a Motion to Compel requiring disclosure of private confidential financial information." None of these facts or arguments is applicable to the instant appeal.

Kenne does not claim that the instant appeal is moot. We need not consider whether mootness would be grounds for dismissing the instant appeal and awarding sanctions to Kenne.

**B.** *Noncompliance with Court Orders*

Kenne claims that dismissal of both appeals is warranted based upon Zelma's failure to comply with the trial court's order compelling discovery related to Kenne's enforcement of her judgment and the court's order requiring Zelma to post an undertaking in order to stay the enforcement of the motion to compel.

As support, Kenne cites the opinion in *TMS, Inc. v. Aihara* (1999) 71 Cal.App.4th 377 issued by another division of this court. The court held that an appeal may be dismissed for the willful failure of judgment debtors to comply with a court order to answer post-judgment interrogatories. (*Id.* at p. 378.) It was undisputed that the defendant/judgment debtor had willfully refused to comply with the trial court's order. The judgment debtor had moved to Japan and refused to assist his attorneys in preparing discovery responses. (*Id.* at pp. 378-379.) The court dismissed the judgment debtor's appeal from the judgment and post-judgment orders. (*Id.* at p. 379.)

The actions by Zelma and her attorneys in the instant case do not make as strong a showing of willful disobedience as in the *TMS, Inc.* case. There was a delay in compliance here from late May to mid-September of 2012, but there are no circumstances comparable to those in *TMS, Inc.*, from which one could readily infer that the judgment debtor had no intention of ever responding. For this reason, we conclude that the circumstances here do not warrant the dismissal of the instant appeal or imposition of sanctions for failing—for a few months—to comply with the two orders of the trial court.

**C.** *Frivolous Appeal and Ongoing Bad Faith Tactics*

Kenne asserts that both of Zelma's appeals are patently frivolous and brought in bad faith solely as a delay tactic. Kenne requests dismissal of the appeals and awards of monetary sanctions.

We have inherent power to dismiss frivolous appeals and assess such monetary sanctions as may be just. (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516; see Code Civ. Proc, § 907; California Rules of Court, rule 8.276(a)(1), (c).) We may award sanctions even if an appeal was only partially frivolous. (*People ex rel. Dep't of Transportation v. Outdoor Media Group* (1993) 13 Cal.App.4th 1067, 1080.) In this opinion, we address only the request for dismissal and sanctions as to the instant appeal.

"[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive — to harass the respondent or delay the effect of an adverse judgment — or when it indisputably has no merit — when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) Although each standard constitutes authority for declaring an appeal frivolous and imposing sanctions, as a practical matter, usually they are "'used together "with one providing evidence of the other. [For example], the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay." [Citations.]' [Citation.]" (*In re Marriage of Gong & Kwong*, *supra*, 163 Cal.App.4th at p. 516.)

As our foregoing discussion of Zelma's contentions on appeal shows, we cannot say that any reasonable attorney would agree that the appeal is totally devoid of merit and, therefore, is frivolous. (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at pp. 649-650.) Zelma presented contentions in an orderly fashion, albeit often with few citations to the record or discussions of the applicability of legal authority to the facts of the case and with formatting errors. Most of her contentions relate to the single cause of action for which she was found liable for monetary damages, that is, Kenne's cause of action for common counts. We do not see significant indicators that Zelma acted in bad faith solely for the purpose of delay. (*Id.* at p. 649.) For these reasons, we decline to impose monetary sanctions for Zelma's pursuit of the appeal.

**DISPOSITION**

The judgment is affirmed.  Zelma and Kenne are to bear their own costs on appeal. Kevin is awarded his costs on appeal from Kenne.

JACKSON, J.

We concur:

PERLUSS, P. J.

WOODS, J.